ABN AMRO MORTGAGE GROUP, INC., Appellee,

v.

JACKSON et al.; Primal Resources, Appellant.

[Cite as *ABN AMRO Mtge. Group, Inc. v. Jackson,*
159 Ohio App.3d 551, 2005-Ohio-297.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20459.

Decided Jan. 28, 2005.

552

Adam R. Fogelman, for appellee.

Alan A. Biegel, for appellant.

WOLFF, Judge.

{¶ 1} Primal Resources Company appeals from a judgment of the Montgomery County Court of Common Pleas, which denied its motion for relief from judgment, pursuant to Civ.R. 60(B).

{¶ 2} On February 8, 2002, Lisa B. Jackson obtained a mortgage loan in the amount of $129,000 from ABN AMRO Mortgage Group, Inc. ("ABN") for the property located at 310 Trebor Lane in Dayton, Ohio. ABN did not record the mortgage. On March 3, 2003, ABN initiated a foreclosure action against Jackson, alleging that she had defaulted on her mortgage. ABN also named as defendants New Century Mortgage Corporation, the Montgomery County Treasurer, and First American Real Estate because of their potential interest in the real estate. The complaint listed "Permanent Parcel No. 067–506–8–6, 14, 1" in its caption. ABN also attached a copy of the note and mortgage, which identified the property by its street address; no legal description of the property was included. ABN subsequently filed a legal description of the property as part of its exhibits in support of its motion for summary judgment.

{¶ 3} On July 21, 2003, the court granted summary judgment to ABN on its foreclosure action. The property was appraised at $105,000, and a sheriff's sale was subsequently set for November 14, 2003. On November 7, 2003, Primal Resources filed a motion to cancel the sale, to vacate the judgment, and to intervene in the action. In its motion, Primal Resources asserted that it had purchased the property from Jackson for $10,000 and recorded its deed on August 14, 2003. It noted that no mortgage had been recorded by ABN prior to that date, and that an affidavit for lost mortgage had been recorded on October 8, 2003. Primal Resources asserted that the doctrine of lis pendens did not apply, because the foreclosure had been filed on a mortgage that did not comply with the recording statute. The sheriff's sale was held on November 14, 2003, as scheduled, at which time ABN purchased the property for $110,000. On November 18, 2003, Primal Resources moved for the court to deny confirmation of the sale, to vacate the judgment, and to permit Primal Resources to intervene. The trial court confirmed the sale on December 3, 2003.

{¶ 4} On January 13, 2004, the court granted Primal Resources's motion to intervene, and it permitted Primal Resources to file "a Civ.R. 60 motion or such other remedy as it deems appropriate." On January 20, 2004, Primal Resources filed a motion for relief of judgment, pursuant to Civ.R. 60(B), arguing in large part that lis pendens did not apply.

{¶ 5} On March 30, 2004, the trial court overruled Primal Resources' Civ.R. 60(B) motion. First, the court reasoned that Primal Resources had not specified which provision of Civ.R. 60(B) entitled it to relief. It further stated Civ.R. 60(B)

was not applicable, because there had been no final judgment, order, or proceeding against Primal Resources from which that party could be relieved.

{¶ 6} Second, the trial court concluded that lis pendens did apply, stating:

{¶ 7} "At the time Primal accepted its deed, there was a Final Judgment and Decree of Foreclosure which not only described the property, but perfected the lien of ABN and ordered that the equity of redemption of the defendant titleholder in said real estate be foreclosed and the real estate sold, 'free of the interest of all parties herein . . . .' Whether or not the movant was aware of the suit, let alone the judgment, is irrelevant.

{¶ 8} "The transfer of the real estate, whether voluntarily or 'involuntarily' (by foreclosure) and claims concerning the title, must have predictability and finality. If a purchaser, especially one situated as Primal which a month after final judgment had been entered against the property, purchased it for less than ten (10) percent of its appraised value, can set aside the foreclosure, then almost every transfer of real estate would be subject to challenge indefinitely." (Citations omitted).

{¶ 9} In its sole assignment of error on appeal, Primal Resources claims that the trial court erred in denying its Civ.R. 60(B) motion.

{¶ 10} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus; *Covert Options, Inc. v. R.L. Young & Assocs., Inc.*, Montgomery App. No. 20011, 2004-Ohio-67, 2004 WL 41114, ¶ 7. All three elements must be established, and "the test is not

fulfilled if any one of the requirements is not met." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; *Fifth Third Bank of W. Ohio v. Shepard Grain Co., Inc.,* Miami App. No. 2003 CA 40, 2004-Ohio-1816, 2004 WL 758401, ¶ 10.

{¶ 12} We review the trial court's decision for abuse of discretion. Id.; *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. The term "abuse of discretion" connotes more than a mere error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} As an initial matter, ABN asserts that Primal Resources' assignment of error should be disregarded because Primal Resources failed to cite the record in accordance with App.R. 16. Upon review of the briefs and the record, we find that Primal Resources has adequately identified the relevant filings and rulings, and we have not encountered any difficulty locating them in the record. Accordingly, ABN's argument is without merit.

{¶ 14} Turning to the merits of Primal Resources' Civ.R. 60(B) motion, Primal Resources asserts that a motion under Civ.R. 60(B) was the appropriate vehicle to seek a vacation of the judgments and that it had implicitly relied upon Civ.R. 60(B)(5). We agree that a postjudgment intervenor such as Primal Resources may file a motion for relief from the previously entered judgment, pursuant to Civ.R. 60(B). *Mikles v. Sears, Roebuck & Co.,* Montgomery App. No. 20057, 2004-Ohio-1024, 2004 WL 405795, at ¶ 9, fn. 1 (plaintiffs could have avoided res judicata by filing a postjudgment motion to intervene in the related subrogation action and then filing a Civ.R. 60(B) motion). Although Primal Resources did not specify which provision of Civ.R. 60(B) entitled it to relief, it is apparent that only Civ.R. 60(B)(5) is arguably applicable. Civ.R. 60(B)(5) is a catchall provision permitting relief for any reason justifying relief other than those reasons otherwise specified in the rule. *Bowman v. Bowman* (Jan. 12, 2001), Montgomery App. No. 18511, 2001 WL 28663. The grounds for invoking Civ.R. 60(B)(5) should be substantial. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph two of the syllabus. Considering that Primal Resources was permitted to intervene after the judgment of foreclosure and the confirmation of the sale in order to assert its claimed interest in the property, Civ.R. 60(B)(5) has been satisfied.

{¶ 15} ABN also asserts that Primal Resources did not seek relief from judgment in a timely manner. Although Primal Resources did not assert timeliness in its January 20, 2004 motion for relief from judgment, the record indicates that it purchased the property on August 14, 2003, and sought relief from the judgment on November 7, 2003, prior to the scheduled sale of the

property. In his affidavit attached to the November 7, 2003 motion for relief from judgment, J.R. Wilson, President of Primal Resources, stated that he had learned of the scheduled sale within two weeks of the filing of the motion. The record thus demonstrates that the motion was timely filed.

{¶ 16} At the heart of Primal Resources' appeal is its assertion that the doctrine of lis pendens does not apply and, thus, it has a defense to the judgment under R.C. 5301.23 based on ABN's failure to record its mortgage. R.C. 5301.23 provides: "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." R.C. 5301.23(A). An unrecorded deed is valid as to the mortgagor and the mortgagee; however, as to all others, it "takes effect from the time it is left for record." *Stewart v. Hopkins* (1876), 30 Ohio St. 502, paragraph six of the syllabus; *Option One Mtge. Corp. v. Boyd* (June 15, 2001), Montgomery App. No. 18715, 2001 WL 669531. Thus, " '[t]he purchaser from the mortgagor of lands incumbered by an unrecorded mortgage, takes title thereto free from such incumbrance, even if he has full knowledge and notice of its existence, and that it is unpaid at the date of his purchase.' " Id., quoting *Bldg. Assn. v. Clark* (1885), 43 Ohio St. 427, 2 N.E. 846, paragraph three of the syllabus. Primal Resources apparently concedes, however, that if the trial court properly invoked jurisdiction over Jackson's property and if the doctrine of lis pendens applies, it cannot employ R.C. 5301.23 as a defense.

{¶ 17} The doctrine of lis pendens, codified in R.C. 2703.26, states: "When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Thus, under R.C. 2703.26, a creditor's interest is protected so that "if a third party acquires an interest in the property while the action is pending, the third party takes the property subject to the final outcome of the action, and is as conclusively bound by the result of litigation as if the third party had been a party to the litigation from the outset." *Natl. Union Fire Ins. Co. v. Hall*, Montgomery App. No. 19331, 2003-Ohio-462, 2003 WL 203590, ¶ 14, citing *Cook v. Mozer* (1923), 108 Ohio St. 30, 140 N.E. 590.

{¶ 18} "This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the

doctrine of lis pendens is not founded upon notice but upon reasons of public policy founded upon necessity." *Cook,* 108 Ohio St. at 36–37, 140 N.E. 590.

{¶ 19} In order for lis pendens to apply, four elements must be present: "(1) [t]he property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; * * * (3) the property or res involved must be sufficiently described in the pleadings," *Cook,* 108 Ohio St. at 37, 140 N.E. 590; and (4) "the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." *Hall,* supra, 2003-Ohio-462, at ¶ 14.

{¶ 20} In the present case, the parties do not dispute that the property at issue is real estate that is of a character to be subject to lis pendens, that the court has personal jurisdiction over the parties, and that the rights to the real estate will necessarily be affected by the suit. At issue is whether the property was sufficiently described in the pleadings and whether the alleged deficiency in the description deprived the court of jurisdiction over the property.

{¶ 21} Primal Resources argues that the complaint did not provide notice of the pending lawsuit concerning the property, because no legal description was attached to the complaint and the permanent parcel number (which it also argues is not equivalent to a legal description) was not accurate. Primal Resources further asserts that the legal description of the property must appear in the pleadings as defined by Civ.R. 7 and that a legal description attached to a motion for summary judgment is not sufficient. In addition, Primal Resources argues that absent a legal description of the property to be foreclosed, the court never acquired subject-matter jurisdiction over the res. Primal Resources thus claims that because lis pendens does not apply and because ABN did not record the mortgage prior to the purchase of the property, Primal Resources had acquired title to the property free and clear of ABN's mortgage. ABN responds that the affidavit in support of its motion for summary judgment and the court's entry granting summary judgment and a decree of foreclosure gave sufficient notice to Primal Resources of the litigation on the property.

{¶ 22} The Supreme Court has applied the doctrine of lis pendens where "the property is described so that any who chose to inquire might find out precisely what it is." *Tolerton v. Williard* (1876), 30 Ohio St. 579, 588; see *Huntington Natl. Bank of Columbus v. August Wagner Breweries* (June 10, 1976), Franklin App. No. 75AP–690, 1976 WL 189843. To satisfy this requirement, the complaint or other pleading must describe the mortgaged property sufficiently to identify it for purposes of sale. Although ABN failed to attach the legal description of the property, the mortgage indicated that the street address of the property was 310 Trebor Lane, Dayton, Ohio, 45459. The caption of the

complaint also indicated the permanent parcel number of the property is 067–506–8–6, 14, 1. Although the legal description reflects that the permanent parcel number as 067–506–8–6, 14, 19, Primal Resources states that the Montgomery County real estate records do not contain the *14* or *19* at all. There is no evidence that the permanent parcel number as identified in the complaint would lead anyone who chose to inquire to a property other than Jackson's Trebor Lane property. More significantly, the complaint states that the property had been subject to a mortgage by New Century Mortgage Corporation, which was recorded at Mortgage Microfiche No. 01–8829B11 and refiled at Mortgage Microfiche No. 02–399B03. In addition, ABN notes that a judgment lien against the property is recorded at Judgment Lien Docket 2003CJ135610.

{¶ 23} In our judgment, the permanent parcel number (067–506–8–6) in conjunction with the street address and the recording information regarding other parties' liens on the property provided sufficient notice that the property located at 310 Trebor Lane was the subject of a foreclosure action. (We note that ABN attached the legal description to its affidavit in support of its motion for summary judgment and the court's ruling likewise attached the legal description; thus, Primal Resources could have easily discovered the legal description of the property in the record prior to purchasing the property.) We further conclude that the trial court had subject-matter jurisdiction over the property.

{¶ 24} Because all of the elements of lis pendens have been met, the trial court did not abuse its discretion when it denied Civ.R. 60(B) relief to Primal Resources.

{¶ 25} The assignment of error is overruled.

{¶ 26} The judgment of the trial court is affirmed.

Judgment affirmed.

FREDERICK N. YOUNG, J., concurs.

GRADY, J., concurs in part and dissents in part.

GRADY, Judge, concurring in part and dissenting in part.

{¶ 27} The issue that this appeal presents is whether the trial court abused its discretion when it denied defendant-appellant Primal Resources' motion for Civ.R. 60(B) relief. I agree that no abuse of discretion is shown, but for reasons different from those on which the majority relies, which are essentially the same reasons the trial court applied.

{¶ 28} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 29} In support of its motion, Primal Resources argued that the judgment in foreclosure the court had entered in favor of ABN–AMRO and against Lisa Jackson should be vacated because, per R.C. 5301.23(A), ABN–AMRO's unrecorded mortgage was subordinate to the interests in the property Primal Resources acquired through Jackson subsequent to the judgment and that the lis pendens provisions of R.C. 2703.26 could not deny Primal Resources the preference over ABN–AMRO to which it was entitled because the pleadings in ABN–AMRO's complaint in foreclosure were insufficient to provide Primal Resources the notice lis pendens requires. Primal Resources did not identify the particular grounds for relief in Civ.R. 60(B)(1) through (5) on which its motion relied.

{¶ 30} The trial court reasoned that the motion for relief implicated the grounds for relief in Civ.R. 60(B)(5): "any other reason justifying relief from the judgment." However, Civ.R. 60(B)(5) "applies only when a more specific provision does not apply." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. On the facts alleged, one of the other provisions for relief in Civ.R. 60(B) applies to Primal Resources' particular claim: that "it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4). Relief on that ground is especially applicable to circumstances in which, as here, a claim is made that prospective application of a judgment would be inequitable due to events subsequent to that judgment. *Wurzelbacher v. Kroeger* (1974), 40 Ohio St.2d 90, 69 O.O.2d 440, 320 N.E.2d 666.

{¶ 31} That R.C. 5301.23(A) confers a preference or priority on the rights that Primal Resources acquired as against ABN–AMRO's unrecorded mortgage demonstrates that Primal Resources has a meritorious claim or defense to present if Civ.R. 60(B) relief is granted, as *GTE v. ARC* requires. However, that assertion of a right in law does not in and of itself satisfy the other substantive showing also required by *GTE v. ARC*, that one of the particular grounds for relief in Civ.R. 60(B) applies. That ground is, in this instance and per Civ.R. 60(B)(4), that it is no longer equitable that ABN–AMRO's judgment in foreclosure should have prospective application.[1]

{¶ 32} Primal Resources attempts to avoid the requirement by arguing that the doctrine of lis pendens as codified by R.C. 2703.26 is insufficient to overcome the

---

1. For the same reason, neither would the assertion satisfy Civ.R. 60(B)(5), on which the trial court relied.

preference conferred on its claim by R.C. 5301.26(A). The doctrine of lis pendens is a procedural device that is grounded in equitable considerations, its purpose being to protect the status quo of the litigants' interest in property while an action is pending. *Katz v. Banning* (1992), 84 Ohio App.3d 543, 617 N.E.2d 729. The doctrine grants no substantive right, however. Id. As it is now codified by R.C. 2703.26, and because of that, the trial court held, and the majority herein agrees, that lis pendens operates in this circumstance to create an exception to the mortgage-recording provisions of R.C. 5301.23(A). That presents two difficulties, in my view.

{¶ 33} First, the application that the trial court gave R.C. 2703.26, the lis pendens section, creates an exception to R.C. 5301.23(A), the mortgage-recording section of the Revised Code. That offends the requirement of R.C. 1.51, which is that if a conflict between two sections of the Revised Code exists, "the special or local provision prevails as an exception to the general provision." Because R.C. 5301.23(A) is the more specific of the two, it necessarily prevails over R.C. 2703.26, unless, as we have held, a clear intent is expressed in the legislation that the general provision should prevail. *Lynch v. Dean Witter Reynolds, Inc.* (1999), 134 Ohio App.3d 668, 731 N.E.2d 1205. No such intent is manifest in either R.C. 2703.26 or 5301.23(A). Therefore, the trial court erred when it applied the two so as to find an exception to R.C. 5301.23(A) because of the conflict with R.C. 2703.26.

{¶ 34} Second, Primal Resources' lis pendens contention does no more than bolster its claim that, because of R.C. 5301.23(A), Primal Resources has a meritorious claim or defense to present if ABN–AMRO's foreclosure judgment is vacated. Even if lis pendens could make ABN–AMRO's mortgage ineffective as against Primal Resources' interests in the property, that fact does not portray the further equitable grounds for the relief it seeks that Civ.R. 60(B)(4) requires Primal Resources to demonstrate. Primal Resources must allege reasons why it is no longer equitable that *ABN–AMRO*'s foreclosure judgment should be given prospective effect against Primal Resources' rights and interests. And though R.C. 5301.23(A) applies irrespective of a purchaser's actual notice of an unrecorded mortgage, Civ.R. 60(B)(4) encompasses independent equitable considerations. Reasonably, in this circumstance they require a movant such as Primal Resources to show that it is a bona fide purchaser for value without notice of the prior, unrecorded mortgage. The requirement has been applied with respect to unrecorded deeds pursuant to R.C. 5301.25. See *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 19 OBR 63, 482 N.E.2d 946.

{¶ 35} The Civ.R. 60(B) motion that Primal Resources filed does not allege that Primal Resources was a bona fide purchaser for value without notice. It merely alleges that ABN–AMRO's mortgage was unrecorded, and that Primal Resources

acquired its interests in the property after ABN–AMRO had acquired its interest. That may be sufficient to set up Primal Resources' claim in law, but it is insufficient, in and of itself, to establish the equitable grounds for relief in Civ.R. 60(B)(4), or in any of the other paragraphs of that rule. Therefore, on the test imposed by *GTE v. ARC*, the Civ.R. 60(B) motion that Primal Resources filed was insufficient on its face, and the trial court did not abuse its discretion when the court overruled the motion.