**JP MORGAN CHASE BANK, Trustee, Appellee,**

v.

**WELLS FARGO FINANCIAL LEASING, INC., Assignee of Telmark, L.L.C., Appellant; Dewine et al., Appellees.**

[Cite as *JP Morgan Chase Bank v. Wells Fargo Financial Leasing, Inc.*, 180 Ohio App.3d 1, 2008-Ohio-6354.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–08–07.

Decided Dec. 8, 2008.

Manbir S. Sandhu and Jeffrey T. Kalniz, for appellee JP Morgan Chase Bank, as trustee.

Charles H. Lease, for appellants.

SHAW, Presiding Judge.

{¶ 1} Defendant-appellant Wells Fargo Financial Leasing, Inc. ("Wells Fargo"), as assignee of Telmark, L.L.C., appeals from the April 10, 2008 judgment entry of the Court of Common Pleas of Logan County, Ohio, granting the motion for relief from judgment of JP Morgan Chase Bank ("Chase").

{¶ 2} On or about February 9, 2004, Carol Dewine executed a note in favor of Southstar Funding, L.L.C. (Chase's predecessor in interest) in the amount of

$171,000. To secure payment of this note, Carol and Daniel Dewine executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (acting as nominee for Southstar Funding, L.L.C.) securing real estate located at 9086 Prince Road in Lakeview, Ohio. This mortgage was filed in the Logan County Recorder's Office on February 18, 2004. The loan from Southstar Funding, L.L.C. was used to pay off a prior mortgage from R.E. Becker Builders in the amount of $164,988.79.

{¶ 3} On November 23, 2005, Chase filed a complaint in the Logan County Court of Common Pleas against numerous defendants, including the Dewines and Telmark, L.L.C., seeking judgment on its note, seeking foreclosure of the property located at 9086 Prince Road, and asserting first lien on the subject real property. However, in its complaint, Chase stated that Telmark, L.L.C. "may have a claim to or an interest in or lien upon the premises * * * by virtue of a Certificate of Judgment, filed for record on February 6, 2004" but that "upon information and belief, it is Plaintiff's contention that said Certificate of Judgment has been fully satisfied, but not released of record."

{¶ 4} On December 16, 2005, Wells Fargo (as assignee of Telmark, L.L.C.), filed an answer and cross-claim wherein Wells Fargo asserted that it had a priority lien on the subject property over the mortgage of Chase and that its debt remained unpaid. On April 10, 2006, Wells Fargo filed a motion for default judgment. In an assignment notice dated April 12, 2006, the trial court set this matter for hearing on May 2, 2006.

{¶ 5} On May 25, 2006, the trial court entered a judgment entry/decree of foreclosure wherein the trial court granted Wells Fargo judgment against the Dewines and ordered foreclosure of the property located at 9086 Prince Road. Additionally, the trial court determined that Wells Fargo's judgment lien, as filed on February 6, 2004, with the Logan County Recorder's Office, was the first and best lien on the subject property.

{¶ 6} Subsequent to the trial court's May 25, 2006 judgment entry, the Dewines filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court, Southern District of Ohio. On February 27, 2007, the trial court entered a stay of proceedings in the instant case pursuant to the bankruptcy stay. Although this case was reactivated on June 19, 2007, the Dewines filed a second bankruptcy case, again requiring the instant case to be stayed. On December 10, 2007, Wells Fargo filed a notice of abandonment of property from the bankrupt estate and right to proceed with foreclosure. On December 28, 2007, the trial court filed a judgment entry reactivating the instant case. Also on December 28, 2007, Wells Fargo also filed a praecipe for alias order of sale of the property located at 9086 Lakeview Road, and an order of sale was issued to the sheriff of Logan County. The sheriff's sale was scheduled to be held on February 28, 2008.

**4**

{¶ 7} On February 14, 2008, Chase filed a motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. In its memorandum in support of that motion, Chase alleged that the May 25, 2006 judgment entry was never circulated for review and approval; rather, it was "merely submitted to the court and copies sent to the parties or their attorneys." Additionally, Chase alleged that the finding that Wells Fargo's judgment lien was in first lien position was never adjudicated by the court and there was no trial or evidentiary hearing held to determine lien priority. Specifically, Chase sought to have the default judgment rendered in Wells Fargo's favor vacated, and requested that the trial court find that Chase was in first lien position on the subject real estate property. On March 20, 2008, Wells Fargo filed a response to Chase's motion.

{¶ 8} On April 10, 2008, the trial court issued a judgment entry granting Chase's motion for relief from judgment. In its judgment entry, the court determined that it had failed to provide notice to Chase's trial counsel of the May 2, 2006 hearing on Wells Fargo's motion for default judgment. Specifically, the trial court stated as follows:

The Court correctly concluded that the plaintiff, having otherwise entered an appearance, was entitled to a notice of the default hearing. An assignment was made and notices sent by ordinary mail for a hearing on May 2, 2006 at 8:30 a.m. The notice, however, was not sent to Plaintiff's counsel of record, but it was sent to Karl H. Schneider.[1] Plaintiff, therefore did not receive a proper notice of the default hearing. The Court stenographer has no record of any evidence being taken.

The Court concludes that all of the requisites of Rule 60(B) have been met. Plaintiff has an arguable claim and the motion was timely filed as not to cause any prejudice. The Court finds under Rule 60(B)(5) that the lack of proper notice of the default hearing is a reason justifying relief from judgment. It is therefore ORDERED, DECREED and ADJUDGED that the Court's order finding Wells Fargo had first priority is hereby vacated. The issue of priority will be determined by the Court at a future hearing.

{¶ 9} Wells Fargo now appeals, asserting one assignment of error.

## ASSIGNMENT OF ERROR

The trial court erred when it granted appellee Chase Bank's motion for relief from judgment.

---

1. Our review of the record reveals that Schenider may be a partner in the firm Maguire & Schneider, and although his name was listed below the signature line of a pleading filed by Chase on February 10, 2006, his signature does not appear on that pleading. Aside from this pleading, we are unaware what role Schenider had, if any, in the present case.

{¶ 10} In its sole assignment of error, Wells Fargo alleges that the trial court erred and abused its discretion by granting Chase's motion for relief from judgment filed pursuant to Civ.R. 60(B).

{¶ 11} Generally, courts prefer suits to be concluded on their merits and thus characterize Civ.R. 60(B) as a remedial rule. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 79, 514 N.E.2d 1122. However, the Supreme Court of Ohio has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Id. at 77, 514 N.E.2d 1122. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶ 12} Civ. R. 60(B) specifically sets forth grounds for relief from judgment and provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

■ {¶ 13} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113 at paragraph two of the syllabus. All three elements must be established, and the test is not fulfilled if any one of these

requirements is not met. *ABN AMRO Mtge. Group, Inc. v. Jackson* (2005), 159 Ohio App.3d 551, 556, 824 N.E.2d 600.

{¶ 14} On appeal, Wells Fargo specifically alleges that the trial court erred in finding that Chase had met all of the requisites of Civ.R. 60(B). For ease of discussion, we shall address the three prongs of the test set forth in *GTE Automatic Elec. Inc.*, out of order.

{¶ 15} As previously stated, the third prong of the *GTE* test provides that a motion for relief from judgment must be made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. Although Civ.R. 60(B) provides that a motion made pursuant to Civ.R. 60(B)(5) shall be made within a reasonable time, it does not specify what qualifies as a reasonable time. See *Zwahlen v. Brown*, 1st Dist. No. C–070263, 2008-Ohio-151, 2008 WL 160919.

{¶ 16} Specifically regarding the issue of timeliness, Wells Fargo contends that the proper section of Civ.R. 60(B) to be applied in the present case is subsection (B)(1), as Chase is claiming surprise or neglect in that it did not receive notice of the default judgment hearing. Therefore, Wells Fargo alleges that pursuant to Civ.R. 60(B)(1), Chase's motion for relief from judgment should have been brought within one year after judgment was entered, and because it wasn't, the motion is untimely.

{¶ 17} In contrast, Chase alleges that Civ.R. 60(B)(1) is not the proper section to be applied as this "is not a situation where Chase failed to timely file an objection to a pending motion regarding the lien priorities of the parties which would place it under 60(B)(1)." Instead, Chase alleges that it had no other mechanism available to object to the trial court's April 10, 2008 judgment entry and therefore, subsection (B)(5) is the only subsection applicable under the facts of the present case.

{¶ 18} Our review of the record reveals that Wells Fargo filed its motion for default judgment on April 10, 2006. On April 12, 2006, the trial court issued an assignment notice, setting this matter for hearing on May 2, 2006. On May 25, 2006, the trial court entered a judgment entry/decree of foreclosure wherein the court granted Wells Fargo judgment against the Dewines, ordered foreclosure of the Dewines' property, and determined that Wells Fargo's judgment lien, filed on February 6, 2004, was the first and best lien on the subject property.

{¶ 19} Although Chase contends that they were never provided notice of the May 2, 2006 hearing on Wells Fargo's motion, our review of the record reveals that pursuant to the certificate of service attached to Wells Fargo's motion for default judgment, Chase was provided with a copy of that motion. Specifically, we note that Wells Fargo's motion for default judgment was served upon Phil

Wright Jr. and Manbir S. Sandhu at Maguire & Schneider, L.L.P., located at 250 Civic Center Drive, Suite 500, Columbus, Ohio 43215, as counsel of record for Chase.[2] We also note that Chase does not dispute that they received a copy of Wells Fargo's motion for default judgment.

{¶ 20} Additionally, we note that although Chase argues that it was never provided with a copy of the proposed judgment entry as it was "never circulated for review and approval," our review of the record reveals that Chase received a copy of the trial court's May 25, 2006 judgment entry/decree of foreclosure. Again, we note that this judgment entry was sent to Phil Wright Jr. and Manbir S. Sandhu, as counsel of record for Chase.[3] We also note that Chase did not appeal the trial court's May 25, 2006 judgment entry.

{¶ 21} Our review of the record also reveals that there were numerous filings associated with this case that occurred subsequent to the trial court's May 25, 2006 judgment entry, of which Chase was also provided notice. For example, on November 6, 2006, Wells Fargo filed an updated title commitment that was served upon Chase. On December 1, 2006, Wells Fargo filed a praecipe for order of sale with the May 25, 2006 decree and certificate of service attached that was served upon counsel for Chase. Due to the Dewines' bankruptcy filing, the order of sale was vacated, and the scheduled sale was cancelled. However, after this bankruptcy proceeding was dismissed, Wells Fargo filed a second praecipe for order of sale on May 14, 2007, with the May 25, 2006 decree and certificate of service attached, which was also served upon counsel for Chase.

{¶ 22} Accordingly, our review of the record reveals that Chase, although served with a copy of the trial court's May 25, 2006 judgment entry/decree of foreclosure and subsequently served with numerous pleadings subsequent to the May 25, 2006 judgment entry, never objected to that entry for almost two years. Furthermore, as Chase's motion alleged surprise and neglect, Chase is not entitled to relief from judgment under subsection Civ.R. 60(B)(1), as motions for relief from judgment brought pursuant to this subsection must be brought not more than one year after the judgment was entered.

---

**2.** We note that Sandhu and Wright are listed as counsel for Chase in Chase's complaint filed November 23, 2005. Additionally, we note that in its April 10, 2008 judgment entry granting Chase's motion for relief from judgment, the trial court specifically noted as follows: "Plaintiff filed this complaint in November 2005 and two attorneys were listed as counsel; Manbir S. Sandhu and Phil L. Wright, Jr. Wells Fargo filed its cross-claim and served it on plaintiff by certified mail and sent a copy to counsel. On April 10, 2006, Wells Fargo filed a motion for default judgment. Again, the motion was properly served by regular U.S. mail on plaintiff's counsel of record, Phil Wright, Jr. and Manbir S. Sandhu."

**3.** See also U.S. Postal Service Certificate of Mailing from the Logan County Clerk of Courts to Phil Wright, Jr.

{¶ 23} Turning our attention to whether Chase was entitled to relief from judgment under Civ.R. 60(B)(5), we note that subsection (B)(5) allows the court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Although Civ.R. 60(B)(5) is frequently referred to as the "catch all" provision, relief on this ground is to be granted only in extraordinary situations where the interest of justice calls for it. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 316 N.E.2d 469. Additionally, Civ.R. 60(B)(5) cannot be used as a substitute for another ground specified in Civ.R. 60(B). *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 106, 16 OBR 111, 474 N.E.2d 676, citing *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66, 5 OBR 120, 448 N.E.2d 1365; *Antonopoulos v. Eisner* (1972), 30 Ohio App.2d 187, 193, 59 O.O.2d 309, 284 N.E.2d 194.

{¶ 24} We note that Chase's motion for relief from judgment was filed on February 13, 2008, approximately one year and nine months after the trial court's May 25, 2006 judgment entry. On its face, the motion shows that it was clearly filed more than one year after the judgment Chase seeks to vacate, and, as previously stated, as a motion made pursuant to Civ.R. 60(B)(1), this request was absolutely barred. However, even if Chase asserted grounds cognizable under Civ.R. 60(B)(5), they failed to show that their motion was filed within a reasonable time after discovering the alleged error. See, for example, *Mt. Olive Baptist Church v. Pipkins Paints* (1979), 64 Ohio App.2d 285, 289, 18 O.O.3d 319, 413 N.E.2d 850 (motion under Civ.R. 60(B)(5) filed seven months after notice of the action and four months after default entry is not filed "within a reasonable time").

{¶ 25} Our review of the record reveals that although Chase alleges that there were numerous bankruptcy filings by the Dewines, Chase never states why the bankruptcy filings (or subsequent stays issued by the trial court) caused any delay in the filing of Chase's motion for relief from judgment. Additionally, we note that Chase submitted no factual evidence, affidavit, or other evidentiary material on the issue of timeliness of their motion and therefore failed to meet their burden to present a prima facie case as to timeliness. In the absence of any evidence explaining the delay, Chase has failed to demonstrate the timeliness of the motion. Thus, we find that the trial court's decision that Chase was entitled to relief from judgment under subsection Civ.R. 60(B)(5) is not supported by the evidence.

{¶ 26} Based on the foregoing, we find nothing in the record to support a determination that Chase met the third prong of the test set forth in *GTE Automatic Elec. Inc.*, 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Because all three elements of the *GTE* test must be established, and the test is not fulfilled if any one of these requirements is not met, it is not necessary for this court to review the remaining prongs of the *GTE* test as related to the present

case.  See *ABN AMRO Mtge. Group, Inc.* (2005), 159 Ohio App.3d at 556, 824 N.E.2d 600.

{¶ 27} Accordingly, we find that the trial court abused its discretion by finding that Chase met its burden as to timeliness when filing its motion for relief from judgment pursuant to Civ.R. 60(B) and therefore erred in granting Chase's motion for relief from judgment.  For this reason, Wells Fargo's sole assignment of error is sustained.

{¶ 28} Therefore, the April 10, 2008 judgment entry of the Court of Common Pleas of Logan County, Ohio, granting Chase's motion for relief from judgment is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

Preston, J., concurs.

Rogers, J., concurs separately.

Rogers, Judge, concurring.

{¶ 29} Although I concur with the reasoning of the majority on the issue of timeliness, I would not have reached that issue.  Chase's motion or relief from judgment raises no issues that could not have been raised on appeal.  "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."  *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548.  See also *State ex rel. McKinney v. Defiance Cty. Court of Common Pleas*, 120 Ohio St.3d 277, 2008-Ohio-6107, 898 N.E.2d 47.  Therefore, I would sustain the assignment of error, but on different grounds.