OPINION
{¶ 1} Appellant Katherine Vasilakos appeals the decision of the Tuscarawas County Court of Common Pleas, which granted summary judgment in favor of Appellee State of Ohio in a declaratory judgment action pertaining to certain real estate. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 5, 2004, the Tuscarawas County Prosecutor filed a civil complaint in the Tuscarawas County Court of Common Pleas, seeking the abatement of a nuisance on premises known as "The Ugly Mug Tavern" at 105 West Main Street, Port Washington, Ohio. The abatement complaint set forth that the real property at said address was owned by Ugly Mug Ltd., a registered limited liability company. The case was captioned State ofOhio ex rel Amanda K. Spies Bornhorst, Prosecuting Attorney, v. Debbi K.Lent, et al ., Case Number 2004CV03142.
 {¶ 3} While the abatement case was pending, appellant's father, Peter James Vasilakos, acting on behalf of Ugly Mug, Ltd., purportedly quitclaimed to appellant a 45 percent interest in the tavern property.
 {¶ 4} On January 8, 2007, the State filed the action in the underlying case, seeking a declaratory judgment to establish that the purported quitclaim conveyance by Peter James Vasilakos was subject to the claims in the aforementioned abatement action, case 2004CV03142. Appellant filed a lengthy "Response to Complaint," with a motion for summary judgment, on January 29, 2007.
 {¶ 5} On February 2, 2007, the State filed its own motion for partial summary judgment, and a response to appellant's motion for summary judgment. On April 25, 2008, the trial court issued a judgment entry granting the State's motion for partial *Page 3 
summary judgment, and denying appellant's motion for summary judgment. On June 4, 2008, the court issued a judgment entry finding the State entitled to summary judgment on all remaining issues.
 {¶ 6} On June 23, 2008, appellant filed a notice of appeal. She herein raises the following eight Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT RULED THAT THE APPELLANT HAD NOTICE OF THE ACTION IN THE COUNTY COURT, GENERAL TRIAL DIVISION, WHEN SAID ACTION WAS NOT FILED ON THE LIEN DOCKET OR THE DEED TO NOTIFY THE WORLD/PUBLIC OF THE PENDING ACTION. THIS ATTEMPT BY THE APPELLEE TO HOLD APPELLANT LIABLE FOR SAID ACTION NOT FILED VIOLATES THE DUE PROCESS RIGHTS OF APPELLANT UNDER THE OHIO U.S. CONSTITUTION'S (SIC) DUE PROCESS CLAUSE.
 {¶ 8} "II. APPELLANT AVERS THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT ASSUMING ARGUENDO THAT CASE # 2004CV030142 APPLIED TO APPELLANT SINCE THE TRIAL COURT DID NOT MEET THE CRITERIA OF THE INFRA FACTS AND LAW IN THAT CASE. THIS VIOLATED THE 14TH AMENDMENT RIGHTS OF APPELLANT PER US CONSTITUTION'S DUE PROCESS CLAUSE AND OHIO CONSTITUTION.
 {¶ 9} "III. ASSUMING ARGUENDO THAT APPELLANT IS SUBJECT TO CASE # 2004CV030142: THE ALLEGED FORCED SALE OF THE DEFENDANTS' PROPERTY BY SHERIFF'S SALE IS AN `UNCONSTITUTIONAL TAKING' IN VIOLATION OF THE5TH AMENDMENT OF THE U.S. CONSTITUTION. THE *Page 4 
UNITED STATES AND OHIO CONSTITUTION (SIC) GUARANTEE THAT PRIVATE PROPERTY SHALL NOT BE TAKEN FOR PUBLIC USE WITHOUT JUST COMPENSATION. 5TH AND14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SEC. 19, ART. I, OHIO CONSTITUTION. STATE EX REL. SPRINBORO (SIC), 99 OHIO ST 3D 347, 349. THIS AGREEMENT BEING `UNCONSTITUTIONAL' IS ILLEGAL THEREFORE VOID UNDER OHIO U.S. LAW.
 {¶ 10} "IV. APPELLANT IS PURCHASER OF PROPERTY AS CALLED FOR IN CONTRACT /OR; THE PLAINTIFF BREACHED THE CONTRACT WITH DEFENDANTS WHEN THEY (SIC) REFUSED TO ALLOW A SALE OF PROPERTY TO AN INDEPENDENT 3RD PARTY AS THE CONTRACT CALLED FOR, ARBITRARILY AND CAPRACIOUSLY (SIC). THIS BREACH VOIDS THE CONTRACT. THE DEFENDANT (APPELLANTS) ARE ALLOWED TO RAISE THIS GROUND IN THIS COURT APPEAL SAME BASED ON THE `RIGHT TO A REMEDY' PROVISION OF THE OHIO CONSTITUTION, WHICH PROVIDES: `ALL COURTS SHALL BE OPEN, AND EVERY PERSON, FOR AN INJURY DONE HIM IN HIS LAND, GOODS, PERSON, OR REPUTATION, SHALL HAVE A REMEDY BY DUE COURSE OF LAW AND SHALL HAVE JUSTICE ADMINISTERED WITHOUT DENIAL OR DELAY.* * * ` SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION[.] HOOD V. ROSE, 152 OHIO APP 3D 199, 204[.]
 {¶ 11} "V. ASSUMING ARGUENDO CASE # 2004CV030142 APPLIES IN THIS CASE TO APPELLANT: THE PLAINTIFF, `STATE OF OHIO', ERRED TO THE PREJUDICE OF THE DEFENDANTS WHEN THEY OPINED IN `OFF THE RECORD' EXHIBITS THAT THEY COULD NOT BE BOUND BY A DIFFERENT `STATE OF OHIO' *Page 5 
(ALLEGED), I.E., `COUNTY PROSECUTOR', `DIVISION OF LIQUOR CONTROL' RESPECTIVELY. THIS PREJUDICED THE DEFENDANTS VOIDED THE CONTRACT FOR `LACK OF JURISDICTION' FOR THE `STATE OF OHIO', `DIVISION OF LIQUOR CONTROL' TO OPINE THAT THEY WERE NOT BOUND BY THE AGREEMENT WHEN IN REALITY AS A MATTER OF LAW, THERE IS ONLY ONE (1) STATE OF OHIO THEY ARE BOUND BY SAID AGREEMENT. THIS VIOLATED THE DEFENDANT-APPELLANTS (SIC) 14TH AMENDMENT RIGHTS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW.
 {¶ 12} "VI. APPELLANT AVERS IF CASE # 2004CV030142 APPLIES TO HER THEN APPELLANT/THE DEFENDANTS MOVE TO VACATE THE AGREEMENT AS VOID AB INITIO SINCE THE ALLEGED CONTRACT, EX LL: JOURNAL ENTRY IS VOID ON IT'S (SIC) FACE SINCE SAME IS ENTERED BY `PROSECUTING ATTORNEY FOR TUSCARAWAS COUNTY' (EX LL P 1) RATHER THAN THE PROPER PARTY BEING THE VILLAGE OF PORT WASHINGTON PER OHIO REVISED CODE § 4303.292(A)(1) (2). THIS DEPRIVED THE DEFENDANTS OF DUE PROCESS OF LAW UNDER THE OHIO 
U.S. CONSTITUTION (SIC) PER THE 14TH AND 5TH AMENDMENT RESPECTIVELY PREJUDICING THE DEFENDANT/APPELLANT VIOLATING § 19, ART. I OF THE OHIO CONSTITUTION.
 {¶ 13} "VII. ASSUMING ARGUENDO APPELLANT IS SUBJECT TO # 2004CV030142 NOTICE: THE PLAINTIFF/APPELLEE BREACHED THE AGREEMENT EX LL, 6-11-04 TO THE PREJUDICE OF THE DEFENDANTS BY NOT NOTIFYING THE OHIO DEPT. OF LIQUOR CONTROL IN A TIMELY MANNER OF THE *Page 6 
AGREEMENT PER PG 3, ¶ 6 OF SAID EX LL AGREEMENT TO `6. THE PARTIES WILL CONVEY WITHIN ONE WEEK TO THE DIVISION OF LIQUOR CONTROL THE TERMS OF THIS AGREEMENT AND REQUEST THAT ADMINISTRATIVE LITIGATION RELATED TO THE RENEWAL OF THE DEFENDANTS' LIQUOR PERMIT BE TERMINATED AND THAT DEFENDANTS' (SIC) WILL SEEK TO PLACE THE PERMIT IN `SAFEKEEPING' FOR POSSIBLE TRANSFER TO A POTENTIAL PURCHASER OF THE REAL ESTATE QULAIFIED UNDER THE TERMS OF THIS AGREEMENT.' THE BREACHING OF THIS ¶ 6 BY THE PLAINTIFF/APPELLEES VOIDS THE AGREEMENT THE PLAINTIFF/APPELLEE CANNOT ENFORCE THE EX LL, AGREEMENT AFTER THE PLAINTIFF/APPELLEE BREACHED THE TERMS OF SAME. THIS VIOLATES THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTION (SIC).
 {¶ 14} "VIII. APPELLANT AVERS THE FOLLOWING DEFENSE ON ALLEGED CONTRACT: THE DEFENDANT/APPELLANT MOVE TO VACATE THE AGREEMENT AS VOID AB INITIO SINCE THE CONTRACT IS VOID ON IT'S (SIC) FACE, SINCE PLAINTIFF/APPELLEE AVERRED THAT THEY COULD BIND CERTAIN PARTIES WHEN IN FACT THEY COULD NOT BIND THE PARTIES IN THE AGREEMENT. THE PLACING OF THIS CONTRACT ON THE RECORD ATTEMPTING TO ENFORCE SAME IS A `FRAUD UPON THE COURT PREJUDICING THE APPELLANT'S RIGHTS. THIS SCENARIO IN RE VOID CONTRACT CAUSES SAME TO LACK JURISDICTION TO ENFORCE[.]" *Page 7 
 I. {¶ 15} In her First Assignment of Error, appellant appears to argue that the trial court erred and violated her constitutional rights in the underlying declaratory judgment action by concluding that she had constructive notice of the abatement action in case 2004CV03142. We disagree.
 {¶ 16} A quitclaim deed transfers only those rights the grantor has at the time of conveyance. See, e.g., Finomore v. Epstein (1984),18 Ohio App.3d 88, 90-91. Under the doctrine of lis pendens, a third party taking title to real estate is subject to the result of legal proceedings involving the real estate pending at the time of the transfer. See ABN AMRO Mortgage Group v. Jackson (2005),159 Ohio App.3d 551, 558; Cook v. Mozer (1923), 108 Ohio St. 30.
 {¶ 17} Ohio's lis pendens statute, R.C. 2703.26, states in pertinent part: "When summons has been served or publication made, the action is pending so as to charge third person with notice of its pendency. * ** ."
 {¶ 18} Our review of the record provides no indication that appellant would not be charged with notice under R.C. 2703.26 in regard to the proceedings in case 2004CV03142. Appellant seems to contend that an additional recording on the Ugly Mug Ltd. property deed is required in order to put her on notice of the action in case 2004CV03142. However, such a requirement is set forth in R.C. 2703.27 only as to court actions in another county. Here, there is no dispute that the Ugly Mug property is entirely within Tuscarawas County.
 {¶ 19} Appellant's arguments regarding constructive notice are thus without merit. *Page 8 
 {¶ 20} Appellant's First Assignment of Error is overruled.
 II., III., IV., V., VI., VII., VIII. {¶ 21} In her Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Assignments of Error, appellant appears to raise issues stemming from case 2004CV03142.
 {¶ 22} As the majority of appellant's brief appears to raise such issues extraneous to the present appeal, this Court will not attempt to further decipher her arguments. We are cognizant that Appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045,
 {¶ 23} Appellant's Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Assignments of Error are overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1