[Cite as *U.S. Bank Natl. Assn., as Trustee v. Michaels*, 2023-Ohio-4320.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :
AS TRUSTEE,

                         :

       Plaintiff-Appellee,

                         :             No. 112636

       v.

                         :

HANNIE R. MICHAELS, ET AL.,

                         :

       Defendants-Appellants.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-933881

---

### *Appearances:*

McGlinchey Stafford PLLC and Stefanie L. Deka; Sikora
Law LLC and Alexander E. Goetsch, *for appellee*.

Randolph R. Roth, *for appellants*.

SEAN C. GALLAGHER, J.:

{¶ 1} Defendants-appellants Hannie R. Michaels and Sally Ayyad appeal
the decision of the trial court that granted the motion for summary judgment of

plaintiff-appellee U.S. Bank National Association, as Trustee[1] (hereafter "U.S. Bank N.A.") and entered an in rem judgment and decree of foreclosure. Upon review, we affirm.

{¶ 2} On August 2, 2006, Hannie R. Michaels a.k.a. Hannie Michaels ("Michaels") obtained a loan from First Horizon Home Loan Corporation, which was evidenced by a note executed by Michaels and a mortgage executed by Michaels and Sally Ayyad (collectively "appellants"). The mortgage was originally recorded on August 3, 2006. The mortgage was rerecorded on November 29, 2006, to correct the legal description for the property as provided in Exhibit A thereto. No other modifications were made.

{¶ 3} In June 2020, U.S. Bank N.A. filed a complaint in foreclosure on the property. After the complaint was twice amended, a third amended complaint was filed on July 28, 2021, which alleged Michaels was in default on the note and sought foreclosure of the mortgage. The appellants filed a joint answer to the complaint and a counterclaim. The counterclaim was dismissed.

{¶ 4} On July 27, 2022, U.S. Bank N.A. filed a motion for summary judgment with supporting exhibits. Appellants filed affidavits opposing the motion without any briefing. Appellants averred in their affidavits that they "did not execute the Mortgage attached as Exhibit B to Plaintiff's Motion for Summary Judgment in this case." Exhibit B was the rerecorded mortgage to correct the legal description.

---

[1] The full name of the plaintiff-appellee is U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement dated as of October 1, 2006, GSAMP Trust 2006-HE7, Mortgage Pass-Through Certificates Series 2006-HE7.

{¶ 5} A magistrate's decision was issued on November 29, 2022. Consistent with the evidence, the magistrate determined in part as follows:

> Plaintiff has set forth evidence establishing all of the elements [of foreclosure.] See Affidavit of Derrick Raleigh, Exhibit 1 to Plaintiff's Motion for Summary Judgment docketed on July 22, 2022. Plaintiff was both the holder of the Note and the assignee of the Note and the assignee of the Mortgage at the time the Complaint was filed. Specifically, Plaintiff is a holder in possession of the original Note with the alonges attached and the assignee of the Mortgage and is entitled to enforce them both. Defendant Hannie R. Michaels aka Hannie Michaels executed and delivered the Note and Defendants Hannie R. Michaels and Sally Ayyad executed and delivered the Mortgage. Defendant Hannie Michaels defaulted on the loan. Plaintiff sent a notice of default via first class mail to Hannie R. Michaels aka Hannie Michaels at the Property address and the default was not cured. See Exhibit E of the Affidavit of Derrick Raleigh attached to Plaintiff's Motion for Summary Judgment.
>
> Plaintiff accelerated the balance due and established the amount due by Civ.R. 56 evidence. See Affidavit of Derrick Raleigh, Exhibit 1 to Plaintiff's Motion for Summary Judgment.
>
> * * *
>
> Defendants do not explain or offer any argument related to their averment that they did not execute Exhibit B (actually Exhibit 1-B). Nor did Defendants * * * assert in their Answer to the Third Amended Complaint that they did not sign the Mortgage.

{¶ 6} The magistrate proceeded to engage in a legal analysis and determined in part that the signature on the mortgage is presumed valid pursuant to R.C. 1303.36, that the mortgage is deemed valid pursuant to R.C. 5301.07(C) because the mortgage has been of record for more than four years from the date of recording of the instrument, and that the mortgage is valid because it is a purchase money mortgage. The magistrate also recognized that the mortgage recorded on August 2, 2006, included a notarial acknowledgment confirming appellants

executed the mortgage on that date and that the mortgage as executed by appellants described the property by street address, even before the re-recording. Finding no genuine issue of material fact, the magistrate granted U.S. Bank N.A.'s motion for summary judgment and entered an in rem judgment and decree of foreclosure.

{¶ 7} On December 14, 2022, appellants filed objections to the magistrate's decision. On March 21, 2023, the trial court issued an order adopting the magistrate's decision over appellants' objections. The trial court found that the appellants' objections were untimely because they were not filed within 14 days of the filing of the magistrate's decision on November 29, 2022, as required pursuant to Civ.R. 53(D)(3)(b). The trial court further stated that "contrary to Defendants' objection, the Magistrate does set forth specific findings of fact and conclusions of law" and "Plaintiff has set forth evidence establishing all of the elements of foreclosure as set forth in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17." The trial court entered an "in rem judgment in favor of Plaintiff in the sum of $115,488.22, plus interest at the rate of 9.00000 percent per annum, from September 1, 2008" and ordered the property to be foreclosed unless the sums were fully paid within three days of the adoption of the magistrate's decision.

{¶ 8} Appellants timely appealed. Under their sole assignment of error, appellants claim the trial court erred in granting U.S. Bank N.A.'s motion for summary judgment.

{¶ 9} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, in viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 10} In a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate their entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 11} In challenging the trial court's decision in this case, appellants raise several issues, but they do not develop all their arguments within their brief. Further, as the trial court observed, the appellants failed to timely object to the magistrate's decision in this case.

{¶ 12} Under Civ.R. 53(D)(3)(b)(i), written objections to a magistrate's decision are to be filed "within fourteen days of the filing of the decision * * *." In

this case, the record shows the objections were filed after 14 days had elapsed. Although appellants referenced a magistrate's order of November 30, 2022, that was issued to reflect the motion for summary judgment was granted as set forth in the magistrate's decision. Appellants were required to comply with the time requirements of Civ.R. 53(D) and timely appeal from the magistrate's decision that was journalized on November 29, 2022. Therefore, appellants have arguably waived the issues presented and they have not raised plain error on appeal. *See Fifth Third Bank v. Hrivnak*, 8th Dist. Cuyahoga No. 112350, 2023-Ohio-2490, ¶ 14-15.

{¶ 13} Nevertheless, even if we consider appellants' arguments in the context of reviewing the summary-judgment ruling, appellants largely present bald assertions and they fail to develop their arguments. For instance, appellants claim that the evidence submitted by U.S. Bank N.A. in support of its motion was woefully deficient, but within their argument, they do not point to any specific deficiencies in support of this claim. Appellants assert in the statement of facts section of their brief that the mortgage is unenforceable because of the expired note that supports it. Not only was this argument not raised before the trial court, but even if U.S. Bank N.A. were barred from proceeding on the note, U.S. Bank N.A. still has the right to pursue a foreclosure action on the mortgage. *See U.S. Bank Natl. Assn. v. O'Malley,* 2019-Ohio-5340, 150 N.E.3d 532, ¶ 23 (8th Dist.), *appeal not accepted,* 158 Ohio St.3d 1523, 2020-Ohio-3018, 145 N.E.3d 314; *see also U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 11.

{¶ 14} Appellants also purport to "claim an affirmative defense that the signatures on Plaintiff's exhibits are not valid" and that "Hannie Michaels did not execute the Mortgage attached as Exhibit 1-B" to the motion for summary judgment. In their affidavits opposing plaintiff's motion for summary judgment, appellants essentially asserted that they did not execute the rerecorded mortgage. However, they never denied executing the mortgage as originally recorded, and because they never specifically denied in the pleadings that they executed the mortgage, the validity of the signatures is admitted pursuant to R.C. 1303.36(A). Additionally, the record shows that the mortgage as originally recorded adequately described the property and included the property's street address, which was a sufficient legal description of property subject to the mortgage. *See Williams v. Schneider*, 2018-Ohio-968, 109 N.E.3d 124, ¶ 119 (8th Dist.), citing *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 558-559, 2005-Ohio-297, 824 N.E.2d 600 (2d Dist.); *In re Bunn*, 578 F.3d 487, 490 (6th Cir.2009).

{¶ 15} Appellants have provided no authority for invalidating the document merely because it was rerecorded with a corrected legal description attached as Exhibit A to the mortgage. It is not the role of an appellate court to flush out underdeveloped arguments on behalf of one of the parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983). Furthermore, as pointed out in appellee's

brief, even if there was a defect in the mortgage, it has been held that "'a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud.'" *Basil v. Vincello*, 50 Ohio St.3d 185, 188, 553 N.E.2d 602 (1990), quoting *Citizens Natl. Bank v. Denison*, 165 Ohio St. 89, 95, 133 N.E. 2d 329 (1956); *Naso v. Daniels*, 8 Ohio App.2d 42, 48, 220 N.E.2d 829 (3d Dist.1964).

{¶ 16} We are not persuaded by any other argument raised by appellants. We have thoroughly reviewed the entire record and find that U.S. Bank N.A. met its initial burden of identifying specific facts in the record to demonstrate their entitlement to summary judgment. Because appellants have failed to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial, we find summary judgment was properly granted in favor of U.S. Bank N.A.

{¶ 17} For the foregoing reasons, appellants' assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR