[Cite as *Fifth Third Mtge. Co. v. Brown*, 2012-Ohio-2205.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97450**

# FIFTH THIRD MORTGAGE COMPANY

PLAINTIFF-APPELLANT

vs.

# MARGARET BROWN, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-692190

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEYS FOR APPELLANT**

David M. Gauntner
Antonio J. Scarlato
Felty & Lembright Co., L.P.A.
1500 West Third Street, Suite 400
Cleveland, OH   44113

**ATTORNEY FOR APPELLEE**

James P. Cullen
55 Public Square
Suite 1550
Cleveland, OH   44113

**Also listed:**
**For Akarui Enterprises, LLC**

Akarui Enterprises, LLC
P.O. Box 28012
Cleveland, OH   44128

**For Huntington National Bank**

Huntington Bank
2361 Morse Road, NC2W42
Columbus, OH   43229

**For Keybank NA**

Keybank NA
4910 Tiedeman Road
Brooklyn, OH   44144

**For Tomi Enterprises, LLC**

Tomi Enterprises
3290 E. 140th Street
Cleveland, OH   44120

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant, Fifth Third Mortgage Company ("Fifth Third"), appeals the decision of the Cuyahoga County Court of Common Pleas that found in favor of the defendant-appellee, Margaret Brown, on its claims for reformation and foreclosure. For the reasons stated herein, we affirm in part and reverse in part and remand the matter to the trial court.

**{¶2}** On May 7, 2009, Fifth Third filed a "complaint for foreclosure, monetary judgment in reformation and relief" against Brown.[1] Fifth Third alleged that it was the holder of a promissory note and mortgage securing the note on which Brown had defaulted. Fifth Third sought a monetary judgment on the promissory note in the sum of $65,713.20 plus interest at the rate of 7.125 percent per annum from November 1, 2008. Fifth Third also sought foreclosure of the mortgage, which refers to the real property with parcel ID 130-11-110 located at 3290 East 140th Street, Cleveland, Ohio 44120. Additionally, Fifth Third requested a reformation of the quit-claim deed and mortgage deed, which were alleged to contain an incorrect legal description of the property. After filing its complaint, Fifth Third filed a preliminary judicial report that also noted the legal description of the property contained errors.

---

[1] Several other defendants, who are not parties to the appeal, were named in the action. The trial court entered default judgment against the non-answering defendants.

{¶3} A review of the legal descriptions provided shows that they refer to the same address, parcel number, and sublot. However, the description referred to by the mortgage does not contain the volume number of the recorded plat map.

{¶4} Brown filed an answer that generally denied the allegations in the complaint. Brown never contested the validity of the mortgage on the subject property.

{¶5} Fifth Third filed a motion for summary judgment in which it requested judgment on the note and a decree of foreclosure. It did not pursue its reformation claim. Brown opposed the motion, claiming she was not in default and that Fifth Third had made improper escrow calculations. The trial court denied the motion, and the case proceeded to trial before a court magistrate.

{¶6} The magistrate found that Fifth Third established Brown was in default of her monthly payment obligation, Brown had breached the terms of the note and mortgage, and the note was not paid in full after being properly accelerated. The magistrate found in favor of Fifth Third on Count 1 of the complaint and awarded a monetary judgment. However, the magistrate found in Brown's favor on the reformation and foreclosure claims. The magistrate found that Fifth Third did not pursue the reformation claim at trial and failed to offer evidence on the claim. The magistrate concluded that Fifth Third had conceded the legal description was insufficient by pleading a claim for reformation in the complaint. The magistrate also found that the volume of the plat map was an essential term that was missing from the legal description and that the preliminary judicial report had indicated there were errors in the legal description. Additionally, the

magistrate found that Fifth Third was not entitled to the foreclosure of the mortgage because it had failed to demonstrate a present interest in the property.

{¶7} Fifth Third filed objections to the magistrate's decision that were overruled by the trial court. The court adopted the magistrate's decision and found that Fifth Third's failure to address its reformation count at trial was fatal to its claim. The court proceeded to find against Fifth Third on its reformation and foreclosure claims. Fifth Third only prevailed on its monetary judgment claim.

{¶8} Fifth Third filed this appeal, raising four assignments of error for our review. Within its assigned errors, Fifth Third argues the trial court abused its discretion by overruling its objections to the magistrate's decision and denying judgment on Counts 2 and 3 of the complaint because (1) the mortgage sufficiently describes the property encumbered by the mortgage pursuant to Ohio law, (2) Fifth Third never alleged that its mortgage was insufficient, (3) reformation was not required to foreclose on its mortgage, and (4) sufficient evidence was offered of the parties' intent for the mortgage to encumber the subject property. We note that appellee did not file a responsive brief on appeal.

{¶9} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). An abuse of discretion exists when a court's decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8.

{¶10} We begin by addressing the reformation claim. Reformation is available where it is shown that a written instrument does not express the true agreement entered into between the contracting parties by reason of a mutual mistake. *Wagner v. Natl. Fire Ins. Co.,* 132 Ohio St. 405, 412, 8 N.E.2d 144 (1937). In such a case, the equitable remedy of reformation is available in order to make the writing conform to the real intention of the parties. *Id.* In *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 286, 209 N.E.2d 194 (1965), the Ohio Supreme Court stated the following:

> The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof, i.e., to establish the actual agreement of the parties. 47 Ohio Jurisprudence 2d 120, Reformation of Instruments, Section 2. * * * A reformation presupposes the existence of a valid instrument which fails to express the actual intent of the parties. An action for reformation is not to create an obligation but to establish the content of the instrument as intended by the parties.

Reformation of a written instrument will not be granted absent clear and convincing evidence that a mistake of fact was made and that such mistake was mutual. *See Bellish v. C.I.T. Corp.*, 142 Ohio St. 36, 43-44, 50 N.E.2d 147 (1943).

{¶11} In its complaint, Fifth Third included a cause of action for reformation. It alleged that the quit-claim deed and mortgage deed contained an incorrect legal description of the property. However, Fifth Third did not pursue this claim on summary

judgment or at trial. Because Fifth Third did not establish its claim by clear and convincing evidence, the trial court did not abuse its discretion in denying reformation.

{¶12} However, we do not agree with the trial court's determination that Fifth Third was not entitled to a decree in foreclosure because of the reformation claim. Although the complaint contained allegations that there was an incorrect legal description of the property, it was never shown that the legal description was insufficient to encumber the property and Brown never disputed that Fifth Third had a present interest therein. Further, although the legal description provided in the mortgage did not contain the volume of the plat map, we do not find this was fatal to the establishment of a valid and enforceable instrument between the parties.

{¶13} Ohio mortgage law does not set forth a precise legal description that must be included on a mortgage. *See In re Bunn*, 578 F.3d 487, 490 (6th Cir.2009). R.C. 5302.12 provides that a properly executed mortgage is valid when "in substance" it follows the form set forth thereunder. The form requires a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any." *Id*. The description of the property does not require a formal "metes and bounds" description. As such, a mortgage providing a correct parcel number and street address has been deemed a sufficient legal description of property subject to a mortgage. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 558-559, 2005-Ohio-297, 824 N.E.2d 600 (2d Dist.); *see also In re Bunn*, 578 F.3d at 490 (determining that under Ohio law, a recorded mortgage that only provided a street address of residential property and not a legal

description gave sufficient notice to third parties of the existence of the mortgage). A description of legal property "'is sufficient if it is such as to indicate the land intended to be conveyed, so as to enable a person to locate it.'" *Roebuck v. Columbia Gas Transm. Corp.,* 57 Ohio App.2d 217, 220, 386 N.E.2d 1363 (2d Dist.1977), quoting 17 Ohio Jurisprudence 2d 227, Deeds, Section 97.

{¶14} We find nothing in Ohio law to support the trial court's conclusion that the volume of the plat map was an essential term missing from the legal description. "The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens." *GMAC Mtge. Corp. v. McElroy*, 5th Dist. No. 2004-CA-00380, 2005-Ohio-2837, ¶ 16; *see also Bloom v. Noggle*, 4 Ohio St. 45, 53-56 (1854). Likewise, section 3.2 of the Ohio Title Standards supports the view that reforming to include reference to the volume of the plat map would be superfluous where the subdivision is referred to by an exclusive descriptive name. Here the legal description references "Sublot No. 82 in the Behm Homestead Allotment." Further, comment B in section 3.2 provides in pertinent part:

> Errors, irregularities and deficiencies in property descriptions in the chain of title do not impair marketability unless * * * a substantial uncertainty exists as to the land which was conveyed * * *, or the description falls beneath the minimal requirement of sufficiency and definiteness which is essential to an effective conveyance.

{¶15} In this case, it was not disputed that the mortgage was properly executed in compliance with R.C. 5301.01 and that the legal description provided in the mortgage

contains the proper street address and parcel number for the property subject to the mortgage. Further, although the legal description in the mortgage did not contain the volume of the plat map, there is nothing that would suggest the legal descriptions provided did not embrace the same property or that uncertainty was created as to the property at issue.

{¶16} Because Fifth Third established a valid and enforceable mortgage that encumbered the subject property, we find the trial court abused its discretion in finding Fifth Third failed to establish an interest in the subject property and by denying a decree of foreclosure.

{¶17} For these reasons, we sustain the assigned errors as to Count 2 of the complaint only. We affirm the decision of the trial court to deny reformation and reverse the decision on the foreclosure.

{¶18} Judgment affirmed in part, reversed in part, and case remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR