[Cite as *Equilibrium Pictures, Inc. v. Toth*, 2013-Ohio-2613.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

EQUILIBRIUM PICTURES, INC., : **O P I N I O N**

       Plaintiff-Appellant, :

                                   **CASE NOS. 2012-T-0042,**

J.P. MORGAN CHASE BANK : **2012-T-0043,**
NATIONAL ASSOCIATION, **2012-T-0077,**

                         : **and 2012-T-0078**

       Plaintiff-Appellee,

                        :

      - vs -

                        :

JOE TOTH, et al.,

                        :

       Defendant-Appellee.

Civil Appeals from the Trumbull County Court of Common Pleas, Case Nos. 2007 CV 798 and 2008 CV 364.

Judgment: Affirmed.

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Plaintiff-Appellant).

*Edward M. Kochalski*, Manley, Deas, Kochalski, L.L.C., P.O. Box 165028, Columbus, OH 43216; *Michael L. Dillard, Jr.,* Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, OH 43215; *Stephen D. Williger*, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Joe Toth*, pro se, P.O. Box 274, Sharpsville, PA 16150 (Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff/intervening defendant-appellant, Equilibrium Pictures, Inc., appeals two Judgments of the Trumbull County Court of Common Pleas, entering a

Decree of Foreclosure and subsequently denying its Motion for Relief from Judgment. The issues before this court are whether a third party to a mortgage may raise an argument regarding the mortgagee's corporate existence as an issue of material fact to preclude a grant of summary judgment, and whether the division of a parcel of property subject to a mortgage requires the decree of foreclosure to reflect the alteration of the official record. For the following reasons, we affirm the judgment of the court below.

{¶2} The present appeal is the consolidation of two cases: *Equilibrium Pictures, Inc. v. Toth*, Trumbull C.P. No. 2007 CV 00798, and *Washington Mutual Bank v. Rush*, Trumbull C.P. No. 2008 CV 00364.

{¶3} On March 23, 2007, Equilibrium Pictures filed a Complaint against Joe Toth for Breach of Contract and Specific Performance. The Complaint alleged that, on or about March 6, 2006, Equilibrium Pictures and Toth entered into a Land Installment Contract "to convey the premises known as 2052 Custer-Orangeville Road[,] Masury, Trumbull County, Ohio, being described as a house with 2 or more acres but not less than 2 acres." The Complaint further alleged "that the property had a title defect, and that defect required Joe Toth to partition the described parcel of land from the entire forty-two (42) acre parcel of land known as parcel number 05-046800." According to the terms of the Contract, Toth would "have 60 days from the date of execution of this contract to correct defects." The Complaint alleged that Toth had "failed to cure the title defect," and prayed for "an Order to issue from this Court requiring Joe Toth to specifically perform the parties' land installment contract by having the property * * * conveyed by the parties' agreement surveyed, having the parcel of property described by a metes and bounds legal description * * * and presenting the parcel of land to the

2

appropriate authorities of Trumbull County, Ohio to seek partition of the described parcel of real property from the parcel now known as parcel number 05-046800."

{¶4} On April 9, 2007, an Amended Complaint was filed, adding claims for Fraud and Misrepresentation.

{¶5} On October 25, 2007, Equilibrium Pictures filed a Motion for Default Judgment.

{¶6} On January 31, 2008, plaintiff-appellee, Washington Mutual Bank, filed a Complaint in Foreclosure.[1] The Complaint alleged that Terry and Stephanie Rush executed a Promissory Note and Mortgage, and that the Note was in default "because payments required to be made under the terms of the Note and Mortgage have not been made." The Complaint further alleged:

{¶7} The mortgage encumbers a 41.21 acre tract. After the mortgage was filed, the borrowers, Terry L. Rush and Stephanie M. Rush, conveyed title of the entire 41.21 acre tract to Joseph J. Toth. Without the consent of the Plaintiff, Joseph J. Toth split a 1.0560 acre tract from the original 41.21 acre tract. Joseph J. Toth is the record owner of the properties now known by parcel numbers 05-046800 and 05-078483.

{¶8} Washington Mutual Bank prayed for judgment against the Rushes in the amount of $86,219.69, plus interest and additional fees and costs; a finding that the Mortgage is a valid and subsisting first lien on the property, subject only to the interests of the Trumbull County Treasurer; an order that the Trumbull County Auditor and

---

1. The named defendants were: Terry L. Rush, Stephanie M. Rush, Joseph J. Toth, Sandy Toth, Trumbull County Treasurer, Trumbull County Engineer, and Trumbull County Auditor.

Engineer transfer the property, "even if such transfer requires the two parcels mentioned previously in the Complaint be combined"; and an order for the foreclosure of the equity of redemption and dower of all defendants and the sale of the property.

{¶9} On June 3, 2008, Equilibrium Pictures filed a Motion to Intervene in *Washington Mutual Bank v. Rush*, Trumbull C.P. No. 2008 CV 00364, on the grounds that "it purchased an interest in the real property," and a Motion to Consolidate the *Rush* case with *Equilibrium Pictures, Inc. v. Toth*, Trumbull C.P. No. 2007 CV 00798.

{¶10} On June 4, 2008, Washington Mutual Bank filed a Motion for Default Judgment. According to the Final Judicial Report, filed on the same date, Washington Mutual Bank acquired its interest in the Mortgage as follows:

{¶11} Mortgage in favor of Homeside Lending, Inc. * * * from Terry L. Rush and Stephanie M. Rush * * *, in the amount of $105,000.00, filed August 4, 1998, recorded in * * * Trumbull County, Ohio[;] as assigned by Homeside Lending, Inc. to Federal National Mortgage Association * * *, by Assignment filed July 24, 2001, recorded at * * * Trumbull County, Ohio[;] as assigned to Washington Mutual Bank, * * * by Assignment filed January 15, 2008, recorded at * * * Trumbull County, Ohio.

{¶12} On June 30, 2008, the trial court ordered the consolidation of the *Rush* and *Toth* cases.

{¶13} On February 18, 2009, the trial court issued a Judgment Entry and Decree in Foreclosure, finding that Terry and Stephanie Rush, Joseph and Sandy Toth, the

4

Trumbull County Engineer, and the Trumbull County Auditor were in default of filing an answer or other responsive pleading.

**{¶14}** On July 8, 2009, an Amended Decree of Foreclosure was issued.

**{¶15}** On January 12, 2011, Equilibrium Pictures filed a Motion for Relief from Decree of Foreclosure, on the grounds that it was not served with pleadings filed in the *Rush* case despite its consolidation with the *Toth* case.

**{¶16}** On August 18, 2011, an Agreed Judgment Entry was issued, vacating the prior Decree of Foreclosure and granting Equilibrium Pictures' Motion to Intervene in *Washington Mutual Bank v. Rush*, Trumbull C.P. No. 2008 CV 00364.

**{¶17}** On September 1, 2011, Equilibrium Pictures filed its Answer to Washington Mutual Bank's Complaint in Foreclosure.

**{¶18}** On November 21, 2011, Washington Mutual Bank filed a Motion for Summary Judgment and Default Judgment.

**{¶19}** On February 16, 2012, Equilibrium Pictures filed its Memorandum in Opposition to Summary Judgment. Equilibrium Pictures argued that the January 2008 assignment of the Mortgage from the Federal National Mortgage Association to Washington Mutual Bank was invalid, based on the expiration of Washington Mutual's corporate status in 2005, evidenced by the Washington Secretary of State's online website.

**{¶20}** On March 15, 2012, J.P. Morgan Chase Bank, National Association, filed a Motion to Substitute itself as Plaintiff, pursuant to Civil Rule 25(C) (transfer of interest), which the trial court granted on March 23, 2012.

5

**{¶21}** In a Reply, filed on March 15, 2012, Washington Mutual Bank affirmed its corporate existence, as attested in an Affidavit sworn by Alexis C. Bomback, legal assistant for Edward M. Kochalski, counsel of record for J.P. Morgan. According to FDIC records attached to the Affidavit, on January 1, 2005, Washington Mutual Bank merged into and subsequently operated as part of Washington Mutual Bank, FA, based in Stockton, California. On April 4, 2005, Washington Mutual Bank, FA, changed its name to Washington Mutual Bank and transferred its headquarters from Seattle, Washington, to Stockton, California. On September 25, 2008, Washington Mutual Bank merged with and subsequently operated as part of J.P. Morgan in Columbus, Ohio.

**{¶22}** On April 16, 2012, the trial court entered a Judgment Entry and Decree in Foreclosure. The legal description of the subject premises encompassed a tract of 41.21 acres of land, including the tract of land that was the subject of the Land Installment Contract at issue in *Equilibrium Pictures, Inc. v. Toth*, Trumbull C.P. No. 2007 CV 00798. Again, the court found Terry and Stephanie Rush, Joseph and Sandy Toth, the Trumbull County Engineer, and the Trumbull County Auditor to be in default of answer. The court found the Note and Mortgage to be in default of the payments required to be made thereunder, and that J.P. Morgan was owed $86,219.68 plus interest of 7.09% per annum from September 1, 2007 until paid. The court ordered the equity of redemption in the subject property foreclosed and the property sold, with J.P. Morgan's interest junior in priority only to the lien held by the Trumbull County Treasurer for the payment of real estate taxes and assessments. Thus, the court granted J.P. Morgan's Motions for Default and Summary Judgment.

6

**{¶23}** On May 14, 2012, Equilibrium Pictures filed separate Notices of Appeal in the *Toth* case (Appeal No. 2012-T-0042) and the *Rush* case (Appeal No. 2012-T-0043).

**{¶24}** Also on May 14, 2012, Equilibrium Pictures filed a Motion for Relief from Judgment pursuant to Civil Rule 60(A). Equilibrium Pictures asserted that the April 16, 2012 Judgment Entry and Decree in Foreclosure contained a "clerical mistake": "it sets forth the legal description of the mortgage without addressing that the land as described has been portioned [sic] at least two times while in the hands of Joe Toth."

**{¶25}** On June 26, 2012, J.P. Morgan filed a Memorandum contra Equilibrium Pictures' Motion for Relief from Judgment.

**{¶26}** On August 27, 2012, the trial court issued a Nunc pro Tunc Judgment Entry and Decree in Foreclosure, correcting certain clerical errors in the Judgment noted by Equilibrium Pictures and J.P. Morgan.

**{¶27}** Also on August 27, 2012, the trial court denied Equilibrium Pictures' Motion for Relief from Judgment.

**{¶28}** On September 24, 2012, Equilibrium Pictures filed separate Notices of Appeal in the *Toth* case (Appeal No. 2012-T-0077) and the *Rush* case (Appeal No. 2012-T-0078).

**{¶29}** On January 3, 2013, this court consolidated the four appeals.

**{¶30}** On appeal, Equilibrium Pictures raises the following assignments of error:

**{¶31}** "[1.] The trial court erred in granting summary judgment when there existed a genuine issue of material fact."

**{¶32}** "[2.] The act of subdividing the original parcel of real property subject to the mortgage does not act to defeat or alter the property subject to the mortgage, but

7

the legal description of the real property has been altered in the official records and should be set forth in the decree of foreclosure."

{¶33} In the first assignment of error, Equilibrium Pictures contends that a genuine issue of material fact exists as to whether Washington Mutual Bank existed at the time of the January 2008 assignment by the Federal National Mortgage Association. Equilibrium Pictures relies on the evidence on the Washington Secretary of State's website that Washington Mutual's corporate status expired on September 30, 2005, and that the corporation was inactive as of December 27, 2005.

{¶34} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶35} Accepting as true the fact that Washington Mutual's corporate status in the State of Washington expired on September 30, 2005, reasonable minds could still only conclude that the entity identified as Washington Mutual Bank had standing to foreclose the Note and Mortgage at the time the Complaint was filed on January 31, 2008. The Complaint alleged that Washington Mutual Bank, having a business address at 7255 Baymeadows Way, Mailstop JAXB2007, Jacksonville, Florida, was the holder of the

8

Note, attached to the Complaint and endorsed in blank. The Final Judicial Report attested the recording of the assignment to Washington Mutual Bank, having a business address at 7255 Baymeadows Way, Mailstop JAXB2007, Jacksonville, Florida, on January 15, 2008. Furthermore, there was undisputed evidence that, prior to the expiration of its corporate status in Washington, Washington Mutual Bank merged with a similarly named California corporation, Washington Mutual Bank, FA, transferred its corporate headquarters to California, and then changed its name back to Washington Mutual Bank. Finally, there was evidence that, in September 2008, J.P. Morgan Chase acquired the assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA. *Compare Haynes v. JPMorgan Chase Bank, N.A.*, M.D.Ga. No. 3:10-CV-11 (CDL), 2011 U.S. Dist. LEXIS 69703, *16 (June 29, 2011) (rejecting the argument that "the assignment is invalid because 'Washington Mutual Bank, FA' was a 'nonexistent banking institution' at the time of the assignment in 2006, because Washington Mutual Bank, FA changed its name to Washington Mutual Bank in 2005").

**{¶36}** None of the evidence regarding Washington Mutual Bank's corporate history is inconsistent with Equilibrium Pictures' claim regarding the expiration of its corporate status in Washington. As the evidence is not contradictory, no genuine issue of material fact is created.

**{¶37}** The first assignment of error is without merit.[2]

**{¶38}** In its second assignment of error, Equilibrium Pictures argues that the trial court's legal description of the subject property is in error, because it fails to recognize the division of the property into separate parcel numbers. While Equilibrium Pictures

---

2. On the issue of Equilibrium Pictures' standing to challenge Washington Mutual's standing, this court expresses no opinion.

acknowledges that the Mortgage remains in effect as to the entire tract of land, it contends that "there has been an official act approved by an elected official [the division of the property into separate parcels] that must either be rescinded or recognized as the proper legal description." We disagree.

{¶39} Equilibrium Pictures cites no authority for the proposition that a metes and bounds description of real property in a decree of foreclosure renders the subdivision of the property "null and void and of no legal effect." On the contrary, "Ohio mortgage law does not set forth a precise legal description that must be included on a mortgage." *Fifth Third Mtge. Co. v. Brown*, 8th Dist. No. 97450, 2012-Ohio-2205, ¶ 13 (cases cited).

{¶40} In the present case, the legal description in the Decree of Foreclosure followed the description provided in the Preliminary and Final Judicial Reports and the Mortgage. There is no legal justification for further identification of the foreclosed property by parcel number. We note that the Judicial Reports did identify the individual parcels comprising the mortgaged property, as required by R.C. 2329.191(B).

{¶41} The second assignment of error is without merit.

{¶42} For the foregoing reasons, the Judgments of the Trumbull County Court of Common Pleas, foreclosing the mortgaged property and denying Equilibrium Pictures' Motion for Relief from Judgment, are affirmed. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.