[Cite as *Estate of Ortiz v. Cicconetti*, 2024-Ohio-1958.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESTATE OF CAROL ORTIZ, | : | JUDGES: |
| BY SHANNON ORTIZ, INDIVIDUALLY | : | Hon. Patricia A. Delaney, P.J. |
| AND AS MOTHER FOR MINOR | : | Hon. Craig R. Baldwin, J. |
| CHILDREN ZOEY ORTIZ AND EVA | : | Hon. Andrew J. King, J. |
| ORTIZ | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | |
| | : | |
| WHITNEY CICCONETTI | : | Case No. 2023 CA 00129 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Probate Division, Case No. 246198


JUDGMENT:     Reversed


DATE OF JUDGMENT:     May 21, 2024


APPEARANCES:

For Plaintiff-Appellee

JOHN D. CLARK
4774 Munson Street, NW
Suite 200
Canton, OH  44718

For Defendant-Appellant

STEPHEN A. ECKINGER
1611 North Main Street
Suite A
North Canton, OH  44720

*King, J.*

{¶ 1} Defendant-Appellant, Whitney Cicconetti, appeals the September 11, 2023 judgment entry of the Court of Common Pleas of Stark County, Ohio, Probate Division, finding the contested transfer on death ("TOD") affidavit to be invalid. Plaintiff-Appellee is the Estate of Carol A. Ortiz, by Shannon Ortiz, Individually and as mother for minor children Zoey Ortiz and Eva Ortiz. We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 6, 2022, Carol A. Ortiz ("decedent"), died testate, survived by two granddaughters, Zoey and Eva Ortiz, the children of her predeceased son Craig Ortiz and appellee Shannon Ortiz. In her Last Will and Testament dated April 22, 2019, decedent named her stepdaughter, Cicconetti, as executrix of her estate. Decedent made a few specific bequests with the remainder of the estate to be divided equally between Zoey and Eva Ortiz and Cicconetti's daughter, Gabriella Cicconetti.

{¶ 3} On May 10, 2023, Cicconetti filed an Inventory and Appraisal listing $6,196.00 of personal property as the only asset of the estate, comprised of a vehicle, personal property, and a refund check. On May 24, 2023, Ortiz filed an Exceptions to Inventory, claiming the Inventory and Appraisal failed to include decedent's real property located in Massillon, Ohio. Ortiz filed a complaint contemporaneously with the Exceptions to Inventory, alleging concealment of assets, breach of fiduciary duty, misappropriation, fraud, conversion, negligence, and interference with expectancy of inheritance.

{¶ 4} Hearings on the concealment claim were held on July 12, and July 26, 2023. Cicconetti testified her father married decedent in 1964. After his death in 2014, Cicconetti continued to help decedent with medical appointments, healthcare needs, and

finances. Decedent added Cicconetti to her bank accounts, and executed a TOD affidavit for Cicconetti to receive her real property.

{¶ 5} Cicconetti prepared the affidavit with decedent, as decedent did not want help from an attorney. Together they went to the First Commonwealth Bank on August 10, 2021, to have the affidavit notarized by Lori Connelly who was familiar with decedent as a longtime customer. Cicconetti and decedent then went to the Auditor's Office. The auditor informed them that the affidavit was deficient because the entire form was not filled out and it was lacking an attachment of the legal description of the real property. The auditor helped them add the missing information and the required attachment to the affidavit. The affidavit was then recorded on August 17, 2021.

{¶ 6} Following decedent's death, a confirmation of transfer was recorded by Cicconetti. She then sold the property for $315,000.

{¶ 7} By judgment entry filed September 11, 2023, the probate court found the TOD affidavit did not meet the legal requirements of R.C. 5302.22 because the form was not complete and the legal description was not included with the affidavit when it was notarized; therefore, it was invalid. The probate court further found Cicconetti not guilty of concealment under R.C. 2109.50. The probate court ordered Cicconnetti to return all proceeds from the sale of the real property to the estate.

{¶ 8} Cicconnetti filed an appeal with the following assignments of error:

I

{¶ 9} "THE TRIAL COURT ERRED IN RULING ON THE SUFFICIENCY OF THE TRANSFER ON DEATH AFFIDAVIT AS NO SUCH CLAIM WAS PROPERLY BEFORE THE COURT."

II

{¶ 10} "THE TRIAL COURT ERRED IN FINDING THAT THE TOD AFFIDAVIT DID NOT COMPLY WITH R.C. 5302.22."

III

{¶ 11} "THE TRIAL COURT ERRED IN FINDING THAT THE TOD AFFIDAVIT DID NOT SUBSTANTIALLY COMPLY WITH R.C. 5302.22."

IV

{¶ 12} "EVEN IF THE TOD AFFIDAVIT DID NOT COMPLY, OR SUBSTANTIALLY COMPLY, WITH THE TECHNICALITIES OF R.C. 5302.22, THE TRIAL COURT ERRED IN NOT FINDING THE TOD AFFIDAVIT VALID BETWEEN THE PARTIES AND THEIR HEIRS IN THE ABSENCE OF FRAUD."

{¶ 13} We will address the second assignment of error first as we find it to be dispositive of the appeal.

II

{¶ 14} In her second assignment of error, Cicconetti claims the probate court erred in finding the TOD affidavit did not comply with R.C. 5302.22. We agree.

{¶ 15} Despite finding Cicconetti not guilty of concealment, the probate court proceeded to unwind the TOD conveyance, holding R.C. 5302.22 was not properly followed. Although the TOD affidavit was facially compliant with all the statutory requirements, the testimony at the hearing created a question as to whether there was actual compliance. We turn first to the affidavit.

{¶ 16} The affidavit contained three paragraphs.  The heading and first paragraph appear as follows:

STATE OF OHIO                    TRANSFER ON DEATH DESIGNATION AFFIDAVIT
COUNTY OF *Stark*                                    [O.R.C. Section 5302.22]

*Carol Ann Ortiz*_____(Affiant), being first duly sworn according to law, state as follows:

1. That Affiant,___single/unmarried___, is the owner of record of the following real property located at ___*9219 Portgage st D.W. Massillon*___s recorded at Instrument No.___*83-14517*___, in Vol.___*112*___, Page___*915*___ of (Recorder's Reference Number)   (Recording Book Number if available)   (Recording Page Number if available) ___*Stark*___County deed records:   *201502040004281*

{¶ 17} The second paragraph designated "Whitney Cicconetti" as the beneficiary, and the third paragraph revoked any prior beneficiary designations.  It is then followed by the signature of the grantor, the decedent herein, and finally the notarial certificate with a jurat.  The third and final page is a copy of the 1983 survivorship deed, which contained a legal description of the property.  The instrument number, volume, and page number filled in by hand in the first paragraph of the affidavit describe the deed attached as the third page.  An additional instrument number is written on the affidavit.  It appears to reference the affidavit of confirmation of transfer to the grantor after the death of her husband.  When the deed and affidavit are referenced together, it demonstrates that the grantor was the sole owner of the property at issue here.

{¶ 18} It is undisputed by the parties that at the time the affidavit was executed and the notarial act performed, the third page (a copy of the 1983 deed) was not attached.  It is further undisputed the third page was added after Cicconetti and decedent attempted to record the affidavit.  The two-page affidavit was rejected by the auditor because it failed to include a legal description.  Decedent and Cicconetti then added the third page and

the affidavit was successfully recorded.  Ortiz argues the absence of the third page at the time of the notarial act renders the designation a nullity.  We disagree.

{¶ 19} R.C. 147.51 defines notarial acts as: "acts which the laws and regulations of this state authorize notaries public of this state to perform, including the administration of oaths and affirmations, taking proof of execution and acknowledgment of instruments, attesting documents, and executing a jurat."  R.C. 147.07 also sets forth these powers of a notary: "administer oaths required or authorized by law, take and certify depositions, and take and certify acknowledgments of deeds, mortgages, liens, powers of attorney, and other instruments of writing."  Further, relevant here, R.C. 147.011(C) defines "jurat" as a notarial act in which both of the following are met: "(1) The signer of the notarized document is required to give an oath or affirmation that the statement in the notarized document is true and correct;" and "(2) The signer signs the notarized document in the presence of a notary public."  Finally, R.C. 147.551 sets forth an example jurat form.

{¶ 20} We observe R.C. 147.011(C) and R.C. 147.551 were both complied with here.  Nothing in R.C. Chapter 147 defines a notarial act in the way Ortiz argues.  The core function of the notarial act is to authenticate the signature in one manner or another.  In this manner, it serves to thwart fraud by verifying that the person purporting to convey a legal interest is indeed that person.  A notary is acknowledging the authenticity of the signature, not the substance or form of the document being executed.  With this in mind, we now turn to R.C. 5302.22 which governs transfer on death designations and affidavits, noting R.C. 5302.23(A) states, "[a]ny affidavit containing language that shows a clear intent to designate a transfer on death beneficiary shall be liberally construed to do so."

{¶ 21} Subsection (D) of R.C. 5302.22 states a TOD affidavit "shall be verified before any person authorized to administer oaths" and sets forth four requirements for a valid TOD affidavit:

(1) A description of the real property the title to which is affected by the affidavit and a reference to an instrument of record containing that description;

(2) If less than the entire interest in the real property is to be transferred on death under the affidavit, a statement of the specific interest or part of the interest in the real property that is to be so transferred;

(3) A statement by the individual executing the affidavit that the individual is the person appearing on the record of the real property as the owner of the real property or interest in the real property at the time of the recording of the affidavit and the marital status of that owner.  If the owner is married, the affidavit shall include a statement by the owner's spouse stating that the spouse's dower rights are subordinate to the vesting of title to the real property or interest in the real property in the transfer on death beneficiary or beneficiaries designated in the affidavit.

(4) A statement designating one or more persons, identified by name, as transfer on death beneficiary or beneficiaries.

{¶ 22} At the time the affidavit was accepted for filing, it complied with all of these requirements.  R.C. 5302.22(D) does not expressly require all the required formalities be

done prior to the notarial act, and we hesitate to read into the statute a strict prohibition against adding more information onto the document. For example, if the instrument number was added after signing, it would give additional, helpful information, and it would serve no purpose to declare the document void for such an act. Imposing this requirement into the statute would invite litigation such as this, where an individual with an adverse interest wishes to look behind the instrument and possibly unwind the conveyance in that individual's favor. Further, in other instances, errors related to the notarial act do not void the act. For example, a notary acting outside of the notary's term does not invalidate the notarial act. R.C. 147.12. So, even if we were to hold the addition of the third page was an error, it is not clear we are required to void the transaction.

{¶ 23} Turning now to the validity of the recorded affidavit, we begin by observing that the statute only requires a "description" of the real property. Here, decedent complied with R.C. 5302.22(D)(1) by providing the address, along with the instrument number of the recorded survivorship deed along with the volume and page where it could be found. The purpose of recording statutes is to put lienholders on notice and to prioritize the liens. *GMAC Mortgage Corp. v. McElroy,* 5th Dist. Stark No. 2004-CA-00380, 2005-Ohio-2837, ¶ 16. So, if we find the description sufficient, then we should not disturb the conveyance.

{¶ 24} In reviewing the sufficiency of a property description related to a mortgage, the Sixth Circuit held there was a difference between a statute's use of the term "legal description of the property conveyed" [R.C. 5313.02(A)(3)] versus "description of land" (R.C. 5302.12). *In re Bunn*, 578 F.3d 487, 490 (6th Cir.2009). The court went on to state, "the trustee points to no case in which an Ohio court has invalidated a mortgage that has

an accurate informal description but lacks a formal description." *Id.* Our sister court, the Eighth District, also reviewed R.C. 5302.12 and held, "[t]he description of the property does not require a formal 'metes and bounds' description." *Fifth Third Mortgage Co. v. Brown*, 8th Dist. Cuyahoga No. 97450, 2012-Ohio-2205, ¶ 13. The court quoted: "[a] description of legal property ' "is sufficient if it is such as to indicate the land intended to be conveyed, so as to enable a person to locate it." ' " (Citations omitted.) *Id.*

{¶ 25} No party disputes that with the third page added, the description is sufficient. As discussed above, the failure of the third page to be included at the time of the notarial act did not invalidate that act or otherwise void the document. We also hold that even without the third page, the description in the affidavit was sufficient under R.C. 5302.22(D)(1). We agree with the above cited cases and thus construe the term "description" in R.C. 5302.22(D)(1) to not always require the metes and bounds description as included in the 1983 deed. We find the TOD affidavit in this case to be valid.

{¶ 26} Upon review, we find the probate court erred in finding the TOD affidavit did not comply with R.C. 5302.22.

{¶ 27} Assignment of Error II is granted, rendering the other assignments of error moot.

{¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division, is hereby reversed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur..