90

WURZELBACHER ET AL., APPELLANTS, *v.* KROEGER ET AL.;
BIGHAM, EXR., ET AL., APPELLEES.

(No. 74-34—Decided December 18, 1974.)

*Messrs. Bauer, Morelli & Heyd* and *Mr. Charles G. Heyd*, for appellants.

*Mr. John W. Tanner, Mr. George R. Bridgman, Mr. Maurice E. Beathard, Mr. Elmer R. Grossheim, Mr. David Jackman, Mr. William H. Grubbs* and *Messrs. Kelley, Grossheim & Bavely*, for appellees.

HERBERT, J. The question presented herein is whether the trial court abused its discretion in denying relief from the judgment sustaining the validity of the will.

Civ. R. 60(B) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a fi-

92

nal judgment, order or proceeding for the following reasons: * * * (4) * * * it is no longer equitable that the judgment should have prospective application * * *."

This is the first case in which this court has considered the scope of the pertinent language of Civ. R. 60(B) (4). However, F. R. C. P. 60(b)(5) contains language identical to Civ. R. 60(B)(4), and courts interpreting the federal rule have applied a liberal construction in favor of avoiding the continued enforcement of inequitable judgments. *Blanchard v. St. Paul Fire & Marine Ins. Co.* (1965), 341 F. 2d 351; *Michigan Surety Co. v. Service Machinery Corp.* (1960), 277 F. 2d 531.

In determining when "it is no longer equitable that the judgment should have prospective application," the federal courts have emphasized factors which occur after the rendering of the judgment in question. Thus, in *Schildhaus v. Moe* (1964), 335 F. 2d 529, 530, the court stated that "[T]he rule is not to be read without emphasis on the important words 'no longer' * * * it refers to some change in conditions that makes continued enforcement inequitable."* Likewise, the pertinent part of Civ. R. 60(B)(4) should be construed to provide relief from a judgment which has clearly become inequitable due to subsequent events.

In the case at bar, a judgment validating the will was entered pursuant to an oral agreement between all parties at the trial, entered into by them in good faith. It was mutually understood that if the agreement was not approved by the Probate Court, the parties would seek vacation of that judgment. In reliance upon the settlement, no evidence

---

*An example of a change in conditions occurring after the judgment, which resulted in the allowance of relief under F.R.C.P. 60(b)(5), is found in *System Federation No. 91 v. Wright* (1961), 364 U. S. 642. The Supreme Court held that it was an abuse of discretion for the District Court to refuse to modify a consent decree prospectively enjoining parties from entering into a union shop agreement, after such agreements became valid by an amendment of the applicable law. See, also, *Sierra Club v. Mason* (1973), 365 F. Supp. 47; *Elgin Nat. Watch Co. v. Barrett* (1954), 213 F. 2d 776.

was offered concerning the validity or invalidity of the will.

The above considerations are central to an inquiry concerning the inequity of the prospective enforcement of this judgment, since they point directly to the inequity as it would work against the movant. However, we deem it prudent to also inquire as to what effect the vacation of this judgment would have upon others who might have relied upon it to their detriment, and upon the orderly and efficient conduct of the business of the trial court. We do so with the recognition that equity has long concerned itself with more than just the immediate result at hand. In implementing this broader view, we find nothing in the instant record to suggest that the vacation of the judgment would work a hardship upon any other person, or create any significant problem with regard to the administration of justice.

The evidence before the trial court established that events occurring subsequent to the entry of the judgment in this case rendered it "no longer equitable that the judgment should have prospective application," as that phrase is employed in Civ. R. 60(B)(4). Hence, the court abused its discretion in refusing to grant the motion for relief.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.