OPINION
Appellant, Jeffrey Salmonson, appeals a decision of the Trumbull County Court of Common Pleas denying his motion for relief from judgment pursuant to Civ.R. 60(B). The following facts are relevant to a determination of this appeal.
On July 10, 1990, appellant was injured while loading steel onto a truck on the premises owned by appellee, Copperweld Steel Company, in Champion Township, Ohio. On June 16, 1992, appellant filed a personal injury complaint against appellee, and others, in the Trumbull County Court of Common Pleas. Eventually, appellee filed an answer, on May 27, 1993.
On November 22, 1993, appellee filed for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, causing an automatic stay to occur. On December 14, 1993, the trial court ordered that the case be removed from the trial docket due to the stay. Finally, on October 11, 1995, a "notice of confirmation of plan and plan injunction" was filed in the trial court by appellee's attorney. Attached to it was a copy of the "finding of fact, conclusions of law and order confirming the second amended joint plan of reorganization of CSC Industries, Inc. and Copperweld Steel Company" as filed by Judge William T. Bodoh in the United States Bankruptcy Court for the Northern District of Ohio. A permanent injunction had been ordered, which seemingly prevented appellant from pursuing his claim against appellee. Subsequently, on April 24, 1996, the trial court issued a judgment entry, dismissing appellant's complaint with prejudice, which was approved by counsel for both parties. It is clear that, at that time, both parties and the trial court were operating under the belief that appellant would never be able to recover anything from appellee due to its financial status and the ongoing bankruptcy.
Then, in May 1999, counsel for appellant learned through the bankruptcy trustee that a liability insurance policy existed which may be available to his client on the personal injury claim. Appellant filed a motion in the bankruptcy court to have the injunction lifted and the case remanded to the common pleas court. By order dated November 2, 1999, the bankruptcy court modified the injunction to allow appellant to pursue his claim in state court. In response, appellant filed a motion for relief from judgment in the trial court pursuant to Civ.R. 60(B). On April 19, 2000, the trial court denied appellant's motion for relief from judgment, stating that Civ.R. 60(B)(5) is not applicable and that the motion was not filed within one year, which impliedly would rule out Civ.R. 60(B)(1),(2), or (3).
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred by denying his motion for relief from judgment under Civ.R. 60(B)(5).
To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the enumerated grounds stated in the rule; and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, appellant's motion for relief from judgment was filed almost four years after the judgment was entered from which he sought relief. Since Civ.R. 60(B)(1) and (3) both require that a motion for relief be filed within one year, appellant proceeded under Civ.R. 60(B)(5) which has no specific time limitation but, instead, must be filed "within a reasonable time." Section (B)(1) provides for relief due to mistake, inadvertence, surprise, or excusable neglect. Section (B)(3) allows for relief due to fraud. Section (B)(5) is a catch-all provision allowing for relief for "any other reason justifying relief from the judgment." The Supreme Court of Ohio has specifically held that Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." (Emphasis added.) Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus. See, also, Strack v. Pelton (1994),70 Ohio St.3d 172, 174; and Kapel v. Ford Motor Company (July 3, 1997), Geauga App. No. 96-G-2028, unreported.
Appellant argues that, in essence, he had no knowledge that a liability insurance policy existed until shortly before filing his Cmotion for relief from judgment and, therefore, the only applicable section of Civ.R. 60 is (B)(5). Additionally, it was not until November 2, 1999, that appellant could pursue his claim in the state court because of the injunction issued by the bankruptcy court.
Appellee counters that this is nothing more than a case of a mistake and, accordingly, the motion for relief from judgment fell within the ambit of Civ.R. 60(B)(1) and, hence, needed to be filed within one year from April 24, 1996. The trial court apparently accepted appellee's argument and denied appellant's motion for relief from judgment. The law is clear that Civ.R. 60(B)(5) cannot be used as a substitute for any of the more specific provisions set forth in (B)(1) through (B)(3). Thus the question raised is whether relief from judgment was being sought due to a mistake, as appellee contends, or based upon some other reason, as appellant asserts.
However, without addressing the question raised by the parties, we suasponte take the analysis in a different direction. To wit, after further study, we believe that Civ.R. 60(B)(4) is the rule that fits the fact pattern in the case at bar. Civ.R. 60(B)(4) provides that the court may relieve a party from a final judgment when:
 "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." (Emphasis added.)
 It is important to note that this portion of the rule is not limited in its application to one year but, instead, falls within the "reasonable time" standard.
Appellant did not become aware of the existence of an insurance policy until May 1999. Appellant's counsel may have been partially at fault by not seeking discovery prior to the filing of bankruptcy by appellee. However, it seems that this policy should have been listed as an asset of appellee by the bankruptcy trustee in the impending bankruptcy. There is no evidence that this occurred. Thus, there is plenty of blame to go around. Appellant, through no fault of his own, did not become aware of the potential coverage through the insurance policy until long after the case had been dismissed by the trial court. The claim had never been properly classified. Additionally, the trial court was prevented from allowing the case to proceed due to the failure of the Bankruptcy Court to recognize that an insurance policy existed. Once this was brought to the attention of the Bankruptcy Court, the injunction was immediately lifted so that appellant could, in theory, proceed with his claim.
It appears to this court that this case fits squarely within Civ.R. 60(B)(4). The judgment of the trial court dismissing appellant's claim with prejudice was based upon the order of the Bankruptcy Court granting a permanent injunction which prevented the pursuit of appellant's claim. This injunction was later lifted, in November 1999. Thus, the Bankruptcy Court's judgment was either "reversed or otherwise vacated," as those terms are used in Civ.R. 60(B)(4). Hence, relief should have been granted.
Alternatively, under the "no longer equitable" language of Civ.R. 60(B)(4), equity clearly calls for an opportunity be given to appellant to have his day in court. As stated by the Supreme Court of Ohio inWurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, at paragraph two of the syllabus:
 "Where subsequent events have rendered it no longer equitable that a judgment should have prospective application, it is an abuse of discretion to deny a proper motion for relief from that judgment."
 In the case sub judice, a myriad of error has prevented a plaintiff from receiving his day in court. This is not only an unjust result, it is easily avoided by application of Civ.R. 60(B)(4). Accordingly, we hold that although the sequence of events involved herein make it understandable, it was an abuse of discretion for the trial court to deny appellant's motion for relief from judgment. Appellant's sole assignment of error is sustained.
The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
 ___________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.