[Cite as *Discover Bank v. Wells*, 2018-Ohio-4637.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

DISCOVER BANK                          :

    Plaintiff-Appellee              :    Appellate Case No. 2018-CA-44

                                     :

v.                                     :    Trial Court Case No. 2003-CVF-457

                                     :

SUSAN C. WELLS, nka PAUL, et al.        :    (Civil Appeal from Municipal Court)

                                     :

    Defendants-Appellants           :

                                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . . .

VINCENT E. THOMAS, Atty. Reg. No. 0038714, 16 West Fourth Street, Newport, Kentucky 41071
    Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 4 West Main Street, Suite 707, Springfield, Ohio 45502
    Attorney for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant John Wells appeals from a judgment of the Clark County Municipal Court denying his Civ.R. 60(B) motion to set aside a default judgment rendered against him. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Susan Wells was the holder of a Discover Bank credit card prior to her 1992 marriage to John Wells.[1] After the marriage, Wells was added to the credit card account as an authorized user. During the marriage, both parties made charges to the account. The parties were divorced in August 1996. The judgment and decree of divorce made Wells responsible for payment of the Discover credit card debt existing at the time of the divorce.[2]

{¶ 3} On January 24, 2003, Discover filed a complaint against both Paul and Wells, seeking payment of $8,456.83 which it alleged was due on the credit card account. Service was made by certified mail, but was returned as unclaimed. Service was then effected by regular mail. Neither party filed a responsive pleading. On April 21, 2003, Discover filed a motion seeking default judgment, which was sustained by the trial court. Default judgment was rendered on April 22, 2003, against Paul and Wells both jointly and severally, with interest at a rate of 19.8%.

{¶ 4} Discover made attempts to collect on the judgment by initiating garnishment

---

[1] Susan Wells is not a party to this appeal. For ease of reference, we will refer to her by her current surname of Paul.

[2] The divorce decree did not set forth the amount of the existing debt.

proceedings against Paul and Wells. In 2016, the trial court approved a Joint Application for Modified Order of Garnishment that was executed by Discover and Paul. At some point, Paul filed a motion in the parties' divorce action seeking to hold Wells in contempt for failing to pay the Discover debt.

{¶ 5} In October 2017, Paul filed a Civ.R. 60(B) motion to set aside the default judgment. Wells filed a Civ.R. 60(B) motion on November 27, 2017. A hearing was conducted during which Wells testified that, after the divorce, he continued to live at the marital residence located on Middle Urbana Road in Springfield. He admitted that the terms of the divorce decree made him solely responsible for the indebtedness associated with the Discover credit card, and he testified that he believed the amount owed thereon had been approximately $6,000. Wells testified that, in order to pay the credit card debt, he had executed a second mortgage on the residence in favor of his father for the sum of $6,000. A document purported to be a copy of a portion of the mortgage document was entered into the record. It contains a time-stamp indicating that it was recorded in June 1997. According to Wells's testimony and his pleadings, his father was supposed to pay the Discover debt after the mortgage was executed. When asked whether he believed that his father had paid the debt "as promised," Wells stated, "I do." Tr. p. 6. Wells testified that he thought the credit card debt had been paid in 1999 or 2000. He admitted that he had no cancelled check or receipt showing that payment was made. Wells further testified that he continued to live in the residence for "[a]bout a year or two" after the Discover debt was paid. Tr. p. 7. He testified that he then moved to Columbus, and that the Middle Urbana Road residence was later demolished.

{¶ 6} After the hearing, the trial court overruled both motions. Wells appeals.

## II. Analysis

**{¶ 7}** Wells asserts the following three assignments of error:

THE TRIAL COURT ERRED WHEN IT DENIED JOHN WELLS'[S] MOTION FOR RELIEF FROM A FIFTEEN-YEAR-OLD DEFAULT JUDGMENT, LACKING A PROVABLE SUM AB INITIO, ON A TWENTY-YEAR-OLD ACCOUNT THAT JOHN TESTIFIED THAT HE PAID OFF IN 1997 AND IS OTHERWISE NOT EQUITABLE AND SHOULD HAVE NO PROSPECTIVE APPLICATION.

IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE TRIAL COURT TO DENY HIS REQUEST FOR RELIEF FROM THE DEFAULT JUDGMENT WHERE HE TESTIFIED TO THE BEST OF HIS RECOLLECTION THAT HE ARRANGED A PAY-OFF TO DISCOVER IN 1997 BY EXECUTING AND RECORDING A $6,000 MORTGAGE TO HIS FATHER, JACK WELLS, TO PAY OFF THE ACCOUNT AND NEVER RECEIVED ANY MORE BILLS FROM DISCOVER, OR ANY NOTICES UNTIL 2017 WHEN SUSAN SUED HIM FOR CONTEMPT IN DOMESTIC RELATIONS COURT FOR ALLEGEDLY VIOLATING THE 1996 DECREE ASSIGNING HIM THE DEBT.

APPELLANT SUBMITS THAT THE TRIAL COURT ABUSED ITS DISCRETION AS A COURT OF EQUITY BY NOT VACATING THE DEFAULT JUDGMENT AGAINST HIM WHERE DISCOVER FAILED TO: SHOW A PROVABLE SUM OR ACCOUNT AGREEMENT IN THE

ORIGINAL COMPLAINT, PERFECT SERVICE ON HIM, AND TWICE REVIVED A DEFAULT JUDGMENT OVER THE COURSE OF FIFTEEN YEARS TO CAPITALIZE AND COLLECT INTEREST AT A RATE OF 19.8% ON AN ACCOUNT IT FAILED TO CLOSE OR MITIGATE SINCE 1996.

{¶ 8} While Wells's arguments are somewhat abstruse, they center on his assertions that the trial court erred by denying his Civ.R. 60(B) motion for relief from judgment and by failing to vacate the judgment as void for lack of personal jurisdiction.

{¶ 9} Wells first claims that the trial court lacked personal jurisdiction over him. Though not clear, the argument appears to be two-fold: (1) that Discover failed to perfect service on him when it initiated the lawsuit, thus rendering the default judgment void; and (2) that Discover's subsequent actions to revive the judgment were also void due to a failure to perfect service.

{¶ 10} We begin by noting that Wells's motion was premised upon a request for relief as provided by the provisions of Civ.R. 60(B). However, a Civ.R. 60(B) motion is a collateral attack upon a judgment, while a motion to vacate a judgment due to lack of jurisdiction is a direct attack upon a judgment. *Lincoln Tavern v. Snader*, 165 Ohio St. 61, 133 N.E.2d 606 (1956), paragraph one of the syllabus; *Hayes v. Kentucky Joint Land Bank of Lexington*, 125 Ohio St. 359, 181 N.E. 542 (1932); *In re Miller*, 33 Ohio App.3d 224, 227, 515 N.E.2d 635 (8th Dist.1986). Thus, a judgment entered without personal jurisdiction is void, and the authority to vacate such a judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. *Miller* at 227. A defendant may challenge such a judgment through a motion to vacate. *Green v.*

*Huntley*, 10th Dist. Franklin No. 09AP-652, 2010-Ohio-1024, ¶ 11.

{¶ 11} A trial court must have personal jurisdiction over a defendant in order to render a valid judgment. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance of the defendant or his legal representative, or by an appearance that waives service. *Id.* at 156-157.

{¶ 12} In 2003, Civ.R. 4.1 allowed service of process by certified or express mail, personal service, or residence service. Civ.R. 4.6(D) permits a plaintiff to request service of process by ordinary mail if the certified mail is returned unclaimed. Such service is "deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D). When a "plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11.

{¶ 13} This court has held that when process was sent to a defendant at the defendant's correct address and the defendant has only his self-serving testimony that he did not receive service of process, the court must hold a hearing to determine whether service was proper. *Sec. Natl. Bank & Trust Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 WL 80954, *2 (July 20, 1989). Upon hearing testimony on the matter, the trial court is permitted to find that the defendant's testimony is not credible, and the court is not required to find that the presumption of service of process has been satisfactorily rebutted. *Id.*

**{¶ 14}** In this case, the record demonstrates that when Discover initiated the lawsuit, it attempted service via certified mail to the parties' residence on Middle Urbana Road in Springfield.   The certified mail notices were returned as unclaimed.   Thereafter, as provided by Civ.R. 4.6, Discover filed a request for ordinary mail service.   The record shows that service by ordinary mail was issued and that the ordinary mail envelope was not returned by the postal authorities with an endorsement showing failure of delivery.

**{¶ 15}** Wells's claim that he was not served with process is based upon his assertion and testimony that he did not reside at the Middle Urbana Road address. However, the trial court specifically noted that it found Wells's testimony lacking in credibility and insufficient to overcome the presumption of service.

**{¶ 16}** The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve.   *Merriman v. Merriman*, 2d Dist. Darke No. 2010-CA-09, 2011-Ohio-128, ¶ 16, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).   We have stressed that this court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict.   *Id.* at ¶ 18, citing *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).   The trial court, as the trier of fact, was free to credit some, all or none of Wells's testimony.

**{¶ 17}** The testimony makes it clear that, although Wells claimed to have moved out of the Middle Urbana Road address, he did not remember exactly when he moved out of the home.   His testimony did establish that the alleged payment of the Discover debt, made in accord with the divorce decree, could have been made as late as 2000,

and that Wells continued to live at that address for at least a "year or two" thereafter.[3]   In any event, Wells could have easily submitted documents, such as a utility bill, establishing that he was residing elsewhere at the time service was attempted.   Instead, he merely argued that the trial court abused its discretion by failing to credit his testimony.   Based upon the record before us, we cannot say that the trial court erred in discrediting Wells's testimony and denying the motion to void the default judgment.

{¶ 18} We next turn to the claim that Discover failed to properly effect service upon Wells when it filed for reviver of the default judgment.   Wells's argument in this regard necessarily requires, as its starting point, a finding that the default judgment was dormant. In other words, the reviver of a judgment is unnecessary unless the judgment has become dormant and unenforceable.

{¶ 19} Dormant judgments, and the revivor thereof, are governed by statute. *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 4 (10th Dist.).   R.C. 2329.07, the dormant judgment statute, provides in pertinent part:

> (B)(1) A judgment that is not in favor of the state is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later:

---

[3] Interestingly, Wells's motion for relief indicates that the Middle Urbana Road residence was subject to a 2003 foreclosure proceeding filed against Wells by a bank holding a first mortgage on the property.   The motion further indicates that the foreclosure proceeding was not concluded in October 2003, almost six months after the clerk in this case effected service by ordinary mail.   Thus, Wells's own pleadings cast some doubt upon his testimony that he did not reside in the home at the time Discover effected service.

(a) An execution on a judgment is issued.

(b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.

(c) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report is filed by the garnishee, whichever is later.

(d) A proceeding in aid of execution is commenced or is continuing.

**{¶ 20}** "[U]pon becoming dormant, the judgment may not be enforced, and is thus without legal effect, unless the judgment is revived in accordance with O.R.C. § 2325.15." *In re Stoddard*, 248 B.R. 111, 116-117 (Bkrtcy.N.D.Ohio 2000). With limited exceptions, there is a ten-year period in which to revive the judgment after it has become dormant. R.C. 2325.18(A).

**{¶ 21}** In this case, there is nothing in the record to support a finding that the judgment was ever dormant. The record shows that Discover obtained a certificate of judgment in 2003, 2008 and 2015. Discover also obtained an order of garnishment in 2013 against Wells. Thus, at no time did five years elapse between the times that Discover took the appropriate steps to keep the judgment active. It appears that Wells has conflated revivor with the methods of preventing a judgment from becoming dormant. There is no need for a revivor action so long as the judgment creditor utilizes the methods set forth R.C. 2329.07 to keep the judgment active.

**{¶ 22}** We conclude that the record does not support a finding that the default judgment was dormant as defined by R.C. 2329.07 or that Discover filed any actions to

revive the judgment. Thus, we find no merit in this argument.

{¶ 23} We next address Wells's motion for Civ.R. 60(B) relief. If a trial court enters a default judgment, the court may set it aside in accordance with Civ.R. 60(B). To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 24} The grounds for relief enumerated in Civ.R. 60(B) are "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 25} Again, Civ.R. 60(B) expressly provides that a motion for relief from judgment made for reasons (1), (2) and (3) must be filed "not more than one year after the judgment, order or proceeding was entered or taken." *Hawkins v. Hawkins*, 2d Dist. Clark No. 2011 CA 55, 2012-Ohio-2795, ¶ 16, citing Civ.R. 6(B) and *In re Taaffe*, 11th Dist. Trumbull No. 96-T-5616, 1997 WL 799501, *4, fn. 1. "It is not within the trial court's discretion to extend

this time limit."  *Id.*

{¶ 26} The standard of review of a trial court's decision on a Civ. R. 60(B) motion is the abuse of discretion standard.  *Aurora Loan Services, LLC v. Wilcox*, 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, at ¶ 16, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).  "Abuse of discretion" is a term defined as an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary."  *Id.*  "A decision is unreasonable if there is no sound reasoning process that would support that decision."  *Id.*

{¶ 27} We begin by noting that Wells waited more than fourteen years after the entry of default judgment to file his Civ.R. 60(B) motion.  A motion filed more than one year after entry of default judgment is untimely for relief under Civ.R. 60(B)(1), (2) or (3). Thus, Civ.R. 60(B)(4) and (5) provide the only avenue for relief from the default judgment available to Wells.

{¶ 28} Wells claims that he was entitled to relief under Civ.R. 60(B)(4) because he satisfied the judgment and because it is no longer equitable that the judgment should have prospective application.

{¶ 29} Wells first contends that the credit card debt was paid off as required by the divorce decree.  However, the trial court concluded that Wells's testimony on this issue was not credible, and we cannot conclude that the trial court erred in reaching this conclusion.  At no time did Wells testify that he had actual knowledge that his father had

paid off the debt after the mortgage was executed. At best, he testified that he believed his father paid it in 2000 because his father had promised to do so and that his father "told" him he paid it. In any event, any such payment is irrelevant to the matter before us. Discover filed its suit three years later in 2003. At that time, Discover alleged that it was owed money on a credit card account on which Wells was an authorized user. It can be inferred that, regardless of whether Wells complied with the divorce decree, additional debt accrued on the account between 2000 and 2003. While Wells claimed he did not create that debt, the trial court was free to discredit his testimony.

{¶ 30} Next, Wells contends that it was inequitable to permit the judgment to have prospective application. The prospective application of Civ.R. 60(B)(4) applies when events subsequent to the judgment render prospective application of the judgment inequitable, and when the vacation of the judgment would not work undue hardship upon other persons or upon the court. *Wurzelbacher v. Kroeger*, 40 Ohio St.2d 90, 92, 320 N.E.2d 666 (1974). In *In re J.W.*, the Ninth District Court of Appeals discussed the meaning of the term prospective "application":

> Although this Court found no Ohio case law that has directly explained the meaning of the term "prospective application" in Civ.R. 60(B)(4), its federal counterpart has been interpreted extensively. Fed.R.Civ.P. 60(b)(5) similarly provides for a judgment to be vacated if "applying it prospectively is no longer equitable." Consequently, when the Ohio Supreme Court first interpreted the "no longer equitable" language of Civ.R. 60(B)(4), it looked to federal case law for guidance. See *Wurzelbacher*, 40 Ohio St.2d at 90 (recognizing that the federal rule

contains identical language). This Court likewise found guidance in federal case law to determine whether the judgment at issue has "prospective application."

A judgment that has prospective or continued application is one that is "forward-looking," such as a long-term injunction or consent decree, both of which "envision the regulation of future conduct." *Comfort v. Lynn School Committee*, 560 F.3d 22, 28 (1st Cir.2009). Such judgments remain "executory [and/or] leave open for future adjudication any issues regarding the rights of the parties." *Id.* As one federal district court summarized, "[p]rospective application * * * means that the judgment a party seeks to render ineffective: 1) compels a party to perform; 2) orders a party not to perform a future act; or 3) mandates court supervision of continuing interaction between the parties." *Villescas v. Abraham*, 285 F.Supp.2d 1248, 1253 (D.Colo.2003), citing *Twelve John Does v. District of Columbia*, 841 F.2d 1133 (D.C.Cir.1988).

*Id.* at ¶ 23-24.

{¶ 31} In this case, all of the facts on which the claim for relief was based were known before judgment was entered. There is nothing in this record, other than the accrual of post-judgment interest, to indicate that any event subsequent to the judgment has rendered the judgment inequitable. Further, if the accrual of post-judgment interest were construed as a subsequent event, any monetary judgment could potentially be avoided by the use of this provision. We conclude that the trial court did not err in denying relief under Civ.R. 60(B)(4).

{¶ 32} Civ.R. 60(B)(5) permits relief "for any other reason justifying relief from the judgment." This avenue of relief is "only to be used in an extraordinary and unusual case when the interests of justice warrants it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). Civ.R. 60(B)(5) applies only when one of the specific provisions enumerated in Civ.R. 60(B)(1)-(4) does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). It should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *Caruso–Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983*); Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30, 2008-Ohio-2597, ¶ 14. Because Wells's argument is clearly based on matters that fall under Civ.R. 60(B)(4), he cannot seek relief under Civ.R. 60(B)(5).

{¶ 33} Finally, Wells argues that default judgment should not have been rendered because Discover failed to allege a provable sum owed, failed to show an account agreement between him and Discover, and failed to mitigate its damages. We note that these issues do not provide a basis for relief under Civ.R. 60(B)(4) or (5). Instead, they are allegations of possible meritorious defenses to be argued if relief is granted.

{¶ 34} Wells's first, second and third assignments of error are overruled.

## III. Conclusion

{¶ 35} All of Wells's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Vincent E. Thomas
Regina Rosemary Richards
Christ Theodor
Hon. Thomas E. Trempe